ROBERT P. BRIGGS *versus* INHABITANTS OF LEWISTON.

Where a person has been compelled to pay a town tax, wrongfully assessed upon him, he may recover it back in an action against the town for money had and received.

But the charges for officer's fees and charges for commitment, arising from the non-payment of such tax, cannot be recovered of the town.

ASSUMPSIT, to recover $4,30 paid by plaintiff as a tax assessed upon his poll and estate by the assessors of Lewiston, and the sum of $17,75 as the fees and charges for the arrest and commitment of the plaintiff on the collector's warrant for the non-payment of the tax aforesaid. Both of said sums were paid to the keeper of the prison at Wiscasset in the county of Lincoln, to obtain a discharge from said prison.

The plaintiff resisted the payment of said tax, on the ground that he was not an inhabitant of Lewiston, nor liable to taxation therein.

At the trial before WELLS, J. the defendants objected to the introduction of any testimony in relation to the costs and charges of commitment to jail ; whereupon it was agreed by the parties that the cause should go on to trial, and if the verdict should be for the plaintiff, the verdict should be for the tax, and the costs and charges of commitment, subject to a revision by the whole Court, and reduced to the amount of the tax, in case the Court should be of opinion, that the costs and charges could not be recovered in this action.

A verdict was returned for the plaintiff.

*Foster*, for defendants.

*Fessenden, Deblois & Fessenden*, for plaintiff.

The plaintiff has a right to retain the verdict for the whole amount rendered ; the sum of $17,75 being paid for expenses of commitment is recoverable in an action of assumpsit of the town, having been paid by the plaintiff to obtain his release from jail. R. S. chap. 14, sect. 66 ; *Preston* v. *Boston*, 12 Pick. 14 ; *Amesbury W. and C. Man. Co.* v. *Amesbury*, 17 Mass. 463 ; *Sumner* v. *1st Parish in Dorchester*, 4 Pick. 261.

TENNEY, J. orally. — The plaintiff, according to the finding of the jury, being an inhabitant of Auburn, and with no property in the town of Lewiston, was assessed by the defendants in the sum of $4,30, and refusing to pay it was committed to prison. To obtain his discharge he was obliged to pay $17,75 for costs and charges, in addition to said tax. The question is, whether he can recover both of these sums in this form of action.

The money paid for the tax to the jailer was only another mode of paying it to the collector, and was in effect paying it to him. It was then in the hands of the town, and being really the money of the plaintiff, the town had no right to retain it, and the action was rightly brought to recover it back. As for the expenses and charges paid by the plaintiff to the jailer, and remaining in his hands, he cannot in this way recover it of the town. Had it been paid to the collector, it would still have

been the money of the officer and not money in the hands of the town. The town could not recover it, out of his hands. And they are not liable to the plaintiff.

*Verdict amended so as to stand for the amount of the tax.*

Mem.— This case was argued at a former term of the Court, but was mislaid.