RICKETT *et al. v.* JOHNSON *et al*

One District Court cannot, by injunction, restrain the execution of the orders or decrees of another Court of co-ordinate jurisdiction.

The Court in which the objectionable order or decree exists, is the one to apply to for relief.

APPEAL from the Superior Court of the City of San Francisco.

The defendant Johnson filed his complaint in the Fourth District Court, to enforce the specific performance of an agreement executed by defendant *John H.* Rickett, for the conveyance of land. The suit was defended by Rickett, and a decree rendered, requiring the conveyance to be executed. Before the execution of the deed, Rickett and wife filed their complaint in the Superior Court, alleging a right of homestead in the premises, and fraud in obtaining the agreement, and praying for an injunction, restraining the execution of the decree of the Fourth District Court. The injunction was granted, and the defendants appealed from the order.

*Robert F. Morrison* for Appellants.

This is an appeal from an order of the Superior Court of the city of San Francisco, enjoining a decree of the Fourth District Court of California, and is also an appeal from an order of the said Superior Court, refusing to dissolve the injunction granted in said cause.

The appellant relies on the following points and authorities in support of his appeal:

1. Proceedings in a Court of Chancery will not be restrained by injunction upon an original bill—the course is to apply by petition in the original suit. Smith *v.* American Life Ins. Co., 1 Clarke, 307; Lane *v.* Clarke, ib., 309; 2 Paige Ch. R., 26; 1 Hoff. Ch. Pr., 89; 1 Barb. Ch. Pr., 619.

2. No Court in this State can rightfully enjoin a defendant from proceeding in a suit in another Court of the State having equal power to grant the relief sought by the complaint. Grant *v.* Quick, 5 Sandford, 612.

*Pixley & Smith, and L. Aldrich,* for Respondents.

There is no question here of the conclusiveness of the proceedings in the District Court. These proceedings are not pleaded in bar, nor are they brought before the Court by affidavit. The only manner in which they are brought before the Court at all, is as they are presented in the bill, and there they are accompanied by averments which must be taken with them, and, for the purposes of this appeal, considered as true. We consider

it too clear to admit of any controversy, that the averments of the bill, taken together and considered as true, as they must be for the purposes of the appeal, make out a case for an injunction, unless some rule of practice, or of judicial comity, or of jurisdiction, intervene to prevent.

The question upon which this appeal seems mainly to rest, is rather one of practice than of right. It is insisted that this proceeding should have been instituted in the District Court, or that it should rather have been made part of the proceedings, than by petition or otherwise. The Superior Court is a Court of concurrent jurisdiction of the subject-matter of both suits. It will not be contended that the Superior Court, if it had remained in existence, could not have gone on to a final adjudication of the questions involved in this suit. If it had the right to go on and adjudicate upon the rights of the parties, and to determine the conclusiveness and effect of the proceedings in the District Court as to them, by what authority is it to be deprived of the remedial process provided by law for the protection of the rights of the parties litigant during the pendency of the litigation. This was not a case for a bill of review; because the plaintiffs did not seek the examination, alteration, or modification of the decree of the District Court for errors apparent upon its face, and because the wife was not a party to the proceedings in the District Court. Nor was this proceeding based upon the discovery of new matters of defence against the proceeding in the District Court, which might have been used therein if the respondent Rickett had had knowledge of them.

Unless the Court shall decide that the Superior Court should not have entertained jurisdiction of the cause, but should have dismissed the bill, we submit that the right to the injunction is clear.

BURNETT, J., after stating the facts, delivered the opinion of the Court—MURRAY, C. J., concurring.

The only question which it becomes necessary to determine is, whether one District Court, under our system, can issue the writ of injunction, restraining the execution of the orders, or the carrying into effect the decrees, of another Court of co-ordinate jurisdiction.

This question was settled by the unanimous opinion of the Superior Court of New York, in the case of Grant v. Quick, 5 Sand., 612. In that case, Justice Duer, in delivering the opinion of the Court, uses this language:

" The only ground upon which the Court of Chancery formerly acted in granting injunctions, in cases like the present, was the inability of a Court of Law, in which the suit was pending, to grant the necessary relief; but as, since the code, the jurisdiction of all our Courts is equitable as well as legal, or more properly,

as the distinction between legal and equitable, except in reference to the nature of the relief demanded, is now abolished, the reasons by which the exercise of a power, always invidious and frequently abused, could alone be justified, have ceased to exist, and have left a case to which the maxim emphatically applies, that *cessante ratione, cessat etiam lex.*"

In the present case, the plaintiffs could obtain the most ample relief in the Court whose proceedings they wished to restrain; and there was no reason for seeking another tribunal, possessing only the same powers. Under our system of pleading, all they had to do was simply to allege the facts constituting their cause of action, in their natural order, and pray for the relief they desired. If they wished a stay of proceedings, they should have petitioned the Court for it, upon due notice to the opposite parties, and not have prayed for an injunction. An order to stay proceedings was all they required. Smith *v.* Am. Life & F. In. Co., 1 Clark C. R., 307, 309; Lum *v.* Clark, Hoffman's C. Pr., 89; Barbour's C. Pr., 619. As to the merits of the complaint, we express no opinion.

Judgment reversed, and the Court below will enter an order dissolving the injunction.