## PIXLEY v. HUGGINS *et als.*

| 15 | 127 |
| 82 | 280 |
| 15 | 127 |
| 86 | 140 |
| 15 | 127 |
| 87 | 457 |
| 15 | 127 |
| 97 | 671 |
| 15 | 127 |
| 103 | 613 |
| 15 | 127 |
| 117 | 703 |
| 15 | 127 |
| 122 | 542 |
| 15 | 127 |
| 124 | 341 |
| 15 | 127 |
| 137 | 49 |
| 137 | 50 |
| 15 | 127 |
| 146 | 780 |

L. CONVEYS real property by deed to the wife of M. for $4,000, which sum is recited in the deed as the consideration.   Subsequently, M. and wife convey, by their joint deed, the property to plaintiff, for the consideration recited therein, of $9,500.   This deed was acknowledged by both husband and wife, and of the acknowledgment two certificates were indorsed by the Notary, both of which were sufficient in form as to the acknowledgment of the husband, but only one of them was sufficient as to the acknowledgment of the wife; the other was defective.   The deed was recorded with the defective certificate, the other being omitted.   Later still, defendants, H. & H., recovered judgment against M. which was duly docketed and became, from the time of its docketing, a lien on his property in the county in which was situated the property embraced in the deed from L. to M. and wife.   Upon this judgment, execution was issued, placed in the hands of the Sheriff, who levied it on the property in said deed, and advertised for sale all the right, title and interest which M. had therein at the time said judgment became a lien, etc.   Plaintiff files his bill to enjoin this sale.   *Held,* that an injunction lies; that the property acquired under the deed from L. to the wife of M. became community property, and as such, was subject to the absolute disposition of the husband, and passed in full title to plaintiff under the deed to him.

*Held,* further, that the fact that the deed from L. was taken in the name of the wife alone, created no inference that the property was her separate property, the

deed having been made on a purchase; that the fact of purchase excludes the supposition of acquisition by gift, bequest, devise or descent, and that, in the absence of proof that the property was purchased with the separate funds of the wife, the presumption that it is community property is absolute and conclusive; that the husband could sell the property by his sole deed without the concurrence or consent of his wife, and that the fact that the deed was recorded with the defective certificate of her acknowledgment was immaterial, and that her signature was unnecessary, and added nothing to the validity or completeness of the transfer to plaintiff.

Judgment creditors of the vendor in a deed, who become such after the execution and delivery of the deed, cannot object to the operation of the deed against their judgment that it was not on record, unless a sale has been made under such judgment before the deed is recorded. But if a sale has taken place, the purchasers at such sale, without notice, actual or constructive, of the deed, may invoke the protection of the Registry Act.

The jurisdiction of a Court to enjoin a sale of real estate is co-extensive with its jurisdiction to set aside and order to be canceled a deed of such property. It is not necessary for its assertion in the latter case that the deed should be operative, if suffered to remain uncanceled, to pass the title, or that the defense to the deed should rest in extrinsic evidence, liable to loss, or be available only in equity. It is sufficient to call into exercise the jurisdiction of the Court that the deed casts a cloud over the title of the plaintiff. As in such case, the Court will remove the cloud, by directing a cancelation of the deed, so it will interfere to prevent a sale, from which a conveyance creating such cloud must result.

Every deed from the same source through which plaintiff derives his real property, must, if valid on its face, necessarily cast a cloud upon the title.

And a deed from a Sheriff upon an execution sale against the vendor of plaintiff would have the same effect in casting a cloud upon the title, as if the deed were made directly by such vendor. Such a deed from the Sheriff, put on record, would create doubts as to the validity, as against the judgment creditor, of the previous transfer to plaintiff.

The true test by which the question, whether a deed would cast a cloud upon the title of the plaintiff may be determined, is this: Would the owner of the property in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof would be necessary, the cloud would exist; otherwise, not.

The rule inhibiting one Court from restraining the enforcement of the judgment of another and co-ordinate Court, does not apply to a proceeding brought, not to stay execution issued against the {property of the judgment debtor, but to prevent a sale of the property of plaintiff under the claim that it is the property of the debtor.

APPEAL from the Twelfth District.

Bill to enjoin a Sheriff's sale of real estate, on the ground that it would cloud the title of plaintiff. The case was sent to a Referee, who

reported a judgment for plaintiff. The report was confirmed by the Court, and final judgment entered, perpetually enjoining defendants from selling or in any way interfering with the property. Defendants appeal. The facts sufficiently appear in the opinion of the Court. The complaint put the case on the ground, that plaintiff was the owner of the property, and that a sale under the judgment against Moulton would necessarily cloud the title, and irreparably injure and disturb plaintiff in the quiet enjoyment of the property.

*Hall & Huggins*, for Appellants.

*J. A. McDougall*, of Counsel.

I. The premises in controversy became community property by force of the deed from Larkin to the wife of Moulton. In the absence of proof that it was separate property, the law presumes it to be common property. (Act defining rights of Husband and Wife, sec. 2 ; *Haines* v. *Carter*, 5 Cal. 111 ; *Smith* v. *Smith*, and *Meyer* v. *Kinzer and wife*, 12 Cal.)

II. The deed from Moulton and wife did not pass the title to plaintiff as against the lien of the defendants' judgment. The deed as recorded, not being properly acknowledged by her, did not operate as notice to subsequent creditors of the husband. (Act concerning Conveyances, secs. 22—25 ; 7 Cal. 274 ; 9 Id. 592.)

III. The allegations of the bill do not entitle plaintiff to an injunction. There are no facts stated showing how he will be irreparably injured. (*De Witt* v. *Hayes*, 2 Cal. 463.) The bill avers that a sale under the execution of defendants would be illegal and pass no title. This negatives the idea of injury. Besides, if Moulton had no title, the sale would pass none, and injunction would not lie, if at all, until after the sale, and to prevent a deed being made by the Sheriff to the purchaser. But even a deed would not cast cloud on the title, if Moulton had no title, as the sale was of his interest only. (*Waldron et al.* v. *Marsh*, 5 Cal. 119 ; *De Witt* v. *Hayes*, 2 Id. 463 ; *Robinson* v. *Gaar*, 6 Id. 273 ; *Burnett* v. *Whitesides*, 13 Cal. 156)

IV. Suit should have been brought in the Fifth District Court, where the judgment was rendered, and from which the execution issued. (*Rickett* v. *Johnson*, 8 Cal. 34 ; *Chipman* v. *Hibbard*, Id. 268 ; *Revalk* v. *Kraemer*, Id. 66 ; *Gorham* v. *Toomey*, 9 Id. 77 ; *Uhlfelder* v. *Levy*, Id. 607.)

*Pixley & Smith,* for Respondent.

I.   The property being common property, the signature of the wife to the deed to the plaintiff was unnecessary.   The husband alone could sell.   (*Meyer* v. *Kinzer,* 12 Cal.)

II.   Judgments do not have priority over unrecorded deeds.   Subsequent purchasers in good faith, for a valuable consideration, are alone protected against an unrecorded deed.   (Wood's Dig. 103, sec. 26 ; *Call* v. *Hastings,* 3 Cal. 183 ; *Hastings* v. *Vaughn,* 5 Id. 315 ; *Colman* v. *Cook,* 6 Randolph, 618 ; *Ash* v. *Livingston,* 2 Barr, 80 ; *Massey* v. *McIlvain,* 2 Hill's Ch. 426 ; *Orth* v. *Jennings,* 8 Blackford, 420 ; *Williams* v. *Hogarth,* 1 Strobhart's Eq. 103 ; *The Bank* v. *Gourdin,* 1 Speer's Eq. 20 ; *Cover* v. *Black,* 1 Barr, 493 ; *Jackson* v. *Post,* 9 Id. 120 ; 15 Wend. 588 ; Blac. Com. 196 ; 3 Caines, 188.)   .

III.   A sale by the Sheriff would cast a cloud on plaintiff's title, and disturb him in the enjoyment of his property ; besides, a purchaser at the sale, receiving a deed from the Sheriff, might stand in a better position than the judgment creditor.   Hence the *sale* should be enjoined. (4 Johns, 221 ; 4 Cow. 605.)

IV.   The Twelfth District Court has power to enjoin the sale.   The property is in that district.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

This is a suit, on the equity side of the Court, to enjoin the sale of certain real property, alleged to belong to the plaintiff, situated in the City of San Francisco, under an execution issued upon a judgment recovered by the defendants, Huggins and Hall, against B. F. Moulton and others.   The facts of the case are briefly as follows : In August, 1852, the property in question was conveyed by Thomas O. Larkin to the wife of Moulton, for four thousand dollars, and this sum is recited as the consideration in the deed to her.   A few days subsequently, Moulton and wife conveyed, by their joint deed, the property to the plaintiff, for the consideration recited therein, of nine thousand and five hundred dollars.   This deed was acknowledged by both husband and wife before a Notary Public of the county, and of the acknowledgment two certificates were indorsed by the Notary, both of which were sufficient in form as to the acknowledgment of the husband, but only one of them was sufficient as to the acknowledgment of the wife ; the other was defective in that respect.   The deed was recorded with the defective certificate, the other being omitted.

Pixley v. Huggins.

In October, 1855, the defendants, Huggins and Hall, recovered a judgment in the District Court of the Fifth Judicial District, against Moulton and others, for upwards of seven thousand dollars, and on the fifteenth of December of the same year, a transcript of the docket of the judgment was filed in the office of the Recorder of San Francisco county, so as to become a lien upon property owned by Moulton at the time in that county. Upon this judgment execution was issued, and placed in the hands of the Sheriff of San Francisco county, who proceeded thereunder, and levied upon the property which was conveyed by Moulton and wife to the plaintiff, and advertised for sale all the right, title and interest which Moulton possessed therein on the said fifteenth day of December, 1855. It is to enjoin this sale that the present suit is brought.

The property in question previous to the sale to the plaintiff, is presumed to have belonged to the community existing between Moulton and his wife, and in the absence of proof that it was purchased with the separate funds of the wife, the presumption is absolute and conclusive. The fact that the deed from Larkin was taken in the individual name of the wife, does not justify any inference that the property was her separate estate. The statute determines the character of the property. By its provisions all property acquired after marriage, by either spouse, except that acquired by gift, bequest, devise or descent, was common property. The conveyance in question was made upon a purchase, and this fact excludes the supposition of acquisition by gift, bequest, devise or descent. (See *Meyer* v. *Kinzer*, 12 Cal. and *Smith* v. *Smith*.) As the property belonged to the community, it was subject to the disposition of the husband. He was possessed of the same absolute power over it, as over his separate estate. He could sell it without the concurrence or consent of his wife. It is of no moment, therefore, that the deed to the plaintiff was recorded with the defective certificate of her acknowledgment. Her signature to the instrument was unnecessary, for it could add nothing to the validity or completeness of the transfer. The entire estate passed upon the execution of the deed by the husband alone.

But even had the signature of the wife been necessary to the transfer of the property, the record of the defective certificate could not have been of any avail to the defendants. The deed bears a sufficient certificate of acknowledgment, and subsequent judgment creditors of the vendors cannot, before a sale, object to its operation against their judg-

ment that it was not on record.  The Registry Act was not intended to protect them; it was only intended to protect subsequent purchasers and mortgagees in good faith and for a valuable consideration.  (Act concerning Conveyances, sec. 26; *Rose* v. *Munie,* 4 Cal. 173.)  Had the signature of the wife been necessary, and a sale had taken place, the purchasers at such sale, without notice, actual or constructive, of the conveyance to the plaintiff, would have been in a position to invoke the protection of the act, and to prevent a state of things of this nature from arising, a bill like the one in the present suit might have been filed.

As the property vested by the deed of August, 1852, no interest would have passed to the purchaser under the sale advertised upon the execution issued upon the judgment of Huggins and Hall.  But it does not follow, as the counsel of the defendants insist, that the plaintiff was not entitled to the equitable interposition of the Court to prevent the sale.  The jurisdiction of the Court to enjoin a sale of real estate, is co-extensive with its jurisdiction to set aside and order to be cancelled a deed of such property.  It is not necessary for its assertion in the latter case that the deed should be operative, if suffered to remain uncancelled, to pass the title, or that the defense to the deed should rest in extrinsic evidence, liable to loss, or be available only in equity.  It is sufficient to call into exercise the jurisdiction of the Court, that the deed casts a cloud over the title of the plaintiff.  As in such case the Court will remove the cloud, by directing a cancellation of the deed, so it will interfere to prevent a sale, from which a conveyance creating such cloud must result.  (*Pettit* v. *Shepherd,* 5 Paige, 501.)  And every deed from the same source through which the plaintiff derives his real property must, if valid on its face, necessarily have the effect of casting such cloud upon the title.  Such deed is calculated to create uneasiness in the owner, and to awaken suspicions in others of the existence of concealed defects in the title, which may, at some day, be developed, and must thus tend to depreciate the value of the property in the market, and to embarrass the owner in its sale or use as security.

The deed of the Sheriff, upon the sale on the execution of the defendants, would have, of course, the same effect as if the deed were executed directly by Moulton himself; and if placed upon the record it would naturally create doubts as to the validity, as against the judgment creditors, of the previous transfer to the plaintiff.  The very fact that the conveyance from Larkin was taken in the individual name of

the wife, would add strength to these doubts, and lead to the inference that the transfer was intended only as a cover.    Against the casting of a shade in this way upon his title, the plaintiff was entitled to the preventive remedy, by injunction.

The case of *Shattuck* v. *Carson et al.* (2 Cal. 588) is similar to the one at bar.    In that case, the plaintiff had purchased certain premises of one Griffith, and the defendants were proceeding to sell the same, under an execution upon a subsequent order or judgment against the vendor.    The complaint averred, that Griffith had no interest in the premises, but that the sale, if suffered to take place, would cast a cloud upon the plaintiff's title; and prayed for an injunction against the sale. The Court below held, that as the judgment debtor had no interest in the property, nothing would pass by the sale, and dismissed the complaint.    This Court reversed the decree, observing that it was clear, both upon authority and reason, that the plaintiff was entitled to the relief he sought, upon proof of the truth of his allegations.    In the decision, the Court proceeded upon the supposition that the deed resulting from such sale, would have necessarily clouded the title of the plaintiff.    In *Hickman* v. *O'Neal* (10 Cal. 293) the defendants were proceeding to sell, under an execution upon a judgment against Adams & Co., the real property which the plaintiff had purchased at a previous sale, under an execution upon a prior judgment against the same parties.    The Court below enjoined the sale, and this Court affirmed the decree, observing that the right of the party to enjoin a sale of his property for another's debt was supported by several of its decisions.

In the case of the *United States Bank* v. *Schultz* (2 Ham. 471) the Supreme Court of Ohio, by the unanimous opinion of its members, held, that a Court of Equity might properly interfere to prevent a sale of land upon execution, where such sale would not at law confer a title on the purchaser, and where its only consequence would be to embarrass the title of the complainants; and in the subsequent case of *Norton* v. *Beaver et al.* (5 Ham. 179) that decision was, with the same unanimity, affirmed.

The true test, as we conceive, by which the question, whether a deed would cast a cloud upon the title of the plaintiff, may be determined, is this : Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery?    If such proof would be

necessary, the cloud would exist; if the proof would be unnecessary, no shade would be cast by the presence of the deed. If the action would fall of its own weight, without proof in rebuttal, no occasion could arise for the equitable interposition of the Court; as in the case of a deed void upon its face, or which was the result of proceedings void upon their face, requiring no extrinsic evidence to disclose their illegality. All actions resting upon instruments of that character must necessarily fail. " That can never be considered a legal cloud," says Chancellor Walworth, in *Van Doren* v. *The Mayor, etc. of New York,* (9 Paige, 388) " which cannot for a moment obstruct the unaided rays of legal science, when they are brought to bear upon the supposed obscurity. But where the claim of the adverse party to the land is valid upon the face of the instrument, or the proceedings sought to be set aside, as where the defendant has procured, and put upon record a deed obtained from the complainant by fraud, or upon an usurious consideration, which requires the establishment of extrinsic facts to show the supposed conveyance to be inoperative and void—a Court of Equity may interfere, and set it aside as a cloud upon the real title to the land." (*Wiggin* v. *Mayor etc., of New York,* 9 Paige, 23 ; *Livingston* v. *Hollenbeck,* 4 Barb. Sup. Ct. 16.) So, too, a conveyance not falling in the chain of title, as from one who never had any connection with the property, would not constitute a cloud upon such title. No action could be supported upon such a conveyance, even in the absence of rebutting proof, any more than upon so much waste paper.

The objection, that the proceedings should have been taken in the District Court of the Fifth Judicial District, is not tenable. No restraint upon the enforcement of the judgment of another and co-ordinate Court is sought. The execution issued is against the property of the judgment debtors generally, and the proceeding is not to stay such execution, but to prevent the sale of the property of the plaintiff under the claim that it is the property of the debtors. The cases cited of *Rickett et al.* v. *Johnson,* 8 Cal. 34; *Revalk* v. *Kraemer,* Id. 66 ; *Chipman* v. *Hibbard,* Id. 268 ; *Gorham* v. *Toomey,* 9 Cal. 77 ; and *Uhlfelder* v. *Levy,* Id. 607, have no application.

Judgment affirmed.