## THE RICHMOND & DANVILLE RAILROAD COMPANY v. THE BOARD OF COMMISSIONERS OF ORANGE COUNTY.

The real estate held by the N. C. Railroad Company, for right of way, station places, &c., is exempt from taxation until the dividend of profits of said company shall exceed six per cent. *per annum*    As the said dividends have not as yet reached that amount the authorities of a county through which the said road passes, have no power to tax the same.

(*The Wilmington, Columbia & Augusta Railroad Co.* v. *The Commissioners of Brunswick County*, 72 N. C. Rep. 10, cited and approved.)

This was a PETITION praying a remission of certain taxes levied by the defendants upon the real estate of the plaintiffs, originally filed before the Board of Commissioners of ORANGE county, and carried thence on appeal to the Superior Court, where it was heard before *Kerr*, *J.*, at Chambers.

Upon the hearing of the petition the Board of Commissioners found the following facts:

The Richmond & Danville Railroad Company has leased the road of the North Carolina Railroad Company for the term of thirty years from the 12th day of September, 1871, and by the terms of the lease agreed to pay taxes to the State of North Carolina, to a sum not exceeding $10,000 *per annum* during said term, if so much tax should be lawfully imposed on said railroad or any part thereof.

Chap. 32, sec. 5 of the laws of 1854–'55, entitled "An act for the completion of the North Carolina Railroad," which has been accepted as an amendment to the charter of the North Carolina Railroad Company, by the private stockholders thereof, and made a part thereof, provides that all real estate held by the N. C. R. R. Co., for right of way, station places of what ever kind and for work shop location, shall be exempt from taxation until the dividends of profits of said company shall exceed six per centum per annum.

The dividends of profits of said company have at no time exceeded six per centum per annum.

In pursuance of chap. 184, sec. 11, Acts 1874–'75, the proper officer gave in to the Treasurer of the State the franchise of the N. C. R. R. Co., and the Treasurer together with the Governor and Auditor of the State assessed said franchise at $52,875 ; the entire length of said road as returned to said Treasurer being two hundred and thirty-five miles; thus giving the value of $225 per mile.

A return of the valuation was made by these officers to the defendants.

There are twenty-six miles of said railroad, lying in the county of Orange, giving to that county $5,850 as its proportion of the value of the franchise, upon which the State and county tax for the year 1875, at the rate of 88 cents per one hundred dollars would have been $51.48 ; which rate was adopted in said county for the year 1875.

In pursuance of instructions from the State Treasurer, the defendants caused the trustees of the several townships in the county, through which the said railroad runs, to assess the value of the real estate thereof, and upon the return made by the trustees the defendants fixed the value of said real estate at the sum of $40,054, which added to the value of the franchise amounts to $45,914, making the tax at the rate aforesaid amount to $404.04, being $51.48 upon the franchise and $352.56 upon the real estate of said company.

On the 1st day of April, 1874, the proper officer gave in to the Treasurer of the State the entire property of the N. C. R. R. Co. exclusive of the interest of the State therein, and the Treasurer together with the Governor and Auditor, in pursuance of the law as it was then understood, proceeded to assess the same, including not only the franchise but all the real estate and property belonging to the corporation, and fixed the value thereof at the sum of $415,000, and so returned to the defendants. They assessed the value of the road lying

in said county at $45,914, making no distinction in their return
to the defendants between the amount assessed upon the fran-
chise, and that assessed upon the real estate.

Upon this assessment the defendants imposed a tax for State
and county purposes of ninety cents upon every one hundred
dollars, that being the rate for the year 1874, making the sum
of $413.23 upon the property of said corporation lying in the
county; and the same has never been paid.

Upon this state of facts the defendants refused to remit the
taxes upon the real estate of the N. C. R. R. Co. as prayed for
in the petition, and the plaintiff appealed to the Superior
Court.

Upon the hearing of the cause the court held that the real
estate was not liable to the taxes assessed on the same for the
years 1874–'75, and ordered the defendants to remit the same.

From this judgment the defendants appealed.

*Attorney General Hargrow*, for the appellants.
*Graham* and *Ruffin*, contra.

Settle J.   This court has held that if County Commis-
sioners proceed upon a correct principle to assess property for
taxation, there can be no appeal from their finding of facts as
to the value of such property; but if they proceed upon an
erroneous principle, an appeal will lie, and the courts will
afford relief.

In the charter of the North Carolina Railroad Company, we
find this provision :   " All real estate held by said Company
for right of way, for station places of whatever kind, and for
workshop location, shall be exempt from taxation until the
dividend of profits of said Company shall exceed six per cen-
tum per annum."   It is alleged in the complaint and admitted
in the answer that the dividend of profits of the said North
Carolina Railroad Company have at no time exceeded six per
centum per annum.   And yet the authorities of Orange

county admit that they have assessed for the year 1875, the real estate belonging to said corporation in said county, and held for right of way and station places, at the sum of $40,-064, in addition to the assessment levied by the Governor, Treasurer and Auditor, on the franchise of said corporation within said county.

This is a palpable violation of the contract which the State, at the time she entered into it, had a right to make with the corporators.

By the Constitution adopted in 1868, all the real and personal property in the State, with certain limited exceptions, is required to be taxed uniformly according to value, and we may hope hereafter to be relieved from the evil effects of such unwise legislation, but there is no relief from such contracts as the Legislature sees proper to make, and has the power to make.

It also appears that for the year 1874, the Governor and his associates assessed for taxation, not only the franchise, but all the real and other property belonging to the corporation.

Of course they had no more power to violate the contract than the Commissioners of Orange county had ; and besides, this court has said in the *Wilmington, Columbia and Augusta Railroad Company* v. *The Board of Commissioners of Brunswick county*, 72 N. C. Rep. 10. " We conceive that the General Assembly has no right to confer on such a board the power of valueing the tangible real and personal property of a Railroad Company. Such power is by the Constitution vested in the township trustees alone, and cannot be taken from them."

Citation of authority for the positions herein assumed is not required, but we refer to a few of the latest cases on the same subject, which have received the consideration of the Supreme Court of the United States, and which fully support our conclusions.

*Wilmington Railroad Company* v. *Reid*, 13. Wallace

264; *Humphrey* v. *Piques* 16, Wallace 243; *Pacific Rail-road Company* v. *Maguire* 20, Wallace 36.

The judgment of the Superior Court is affirmed. Let this be certified to the end, &c.

PER CURIAM.                          Judgment affirmed.