THE NORTH CAROLINA RAILROAD COMPANY and THE RICH-
MOND & DANVILLE RAILROAD COMPANY v. THE COM-
MISSIONERS. OF ALAMANCE.*

*Taxation -Assessment--Refunding Tax Illegally Collected.*

1. Where taxes illegally assessed have been paid under protest, the tax-payer is entitled to recover back the same

2. In such case, it is the duty of the Commissioners of the County to re-fund the County tax illegally collected and to certify to the Auditor of the State the amount of State tax illegally paid into the Treasury and it is his duty to draw his warrant upon the Treasurer for the amount due the tax-payer.

3. No taxes are due or recoverable on property which has not been assessed for taxation.

4. Property can be listed for taxation only in the year, and for the year, in which taxes are due.

(The method of refunding taxes illegally assessed and collected, discussed and explained by Mr Justice BYNUM.)

(*R & D. R.. R. Co.* v. *Com'rs of Orange,* 74 N. C., 506; *R. & D. R. R. Co.* v. *Brogden, Ibid.* 707; *R & D. R. R. Co.* v. *Comr's of Alamance,* 76 N. C., 212; *Sudderth* v. *Brittain, Ibid.* 458, cited and approved.)

CIVIL ACTION tried at Fall Term, 1876, of ALAMANCE Su-perior Court, before *Kerr, J.*

The facts in this case are substantially the same as stated in *R. & D. R. R. Co.* v. *Com'rs of Alamance,* 76 N. C. 212; the plaintiffs demanding that certain taxes, illegally paid, be refunded, and the defendants refusing to comply there-with.

The judgment given by His Honor in the Court below was in favor of the plaintiffs and the defendants appealed.

*Mr. J. E. Boyd,* for plaintiffs.

*Messrs. E. S. Parker* and *Merrimon, Fuller & Ashe,* for defendants.

*The opinion in this case was filed at the last term of this Court.

Bynum, J. It has been decided by this Court, that the real estate held by the North Carolina Railroad Company for right of way, station places and workshop location, is exempt from taxation until the dividends of profits of the Company shall exceed six per cent. per annum. And it has also been decided, that the dividends of profits have not yet exceeded that amount. *R. & D. R. R. Co.* v. *Commissioners of Orange,* 74 N. C. 506 ; *R. & D. R. R. Co.* v. *Brogden, Ibid,* 707.

It has also been decided that the exemption from taxation under the Act of 1854–'55, § 5, for completing the North Carolina Railroad, extends only to that portion of the workshop location which is actually occupied and used by the Company for workshops, and that the residue of said real estate is not exempt from taxation. *R. & D. R. R. Co.* v. *Commissioners of Alamance,* 76 N. C. 212. It follows that so much of the tax as has been assessed and collected on the exempted part of the workshop location has been illegally collected, and that having been paid under protest by the Company and in order to release the engines levied on. and thus keep the road in operation, the plaintiff is entitled to recover it back in any appropriate action. *Briggs* v. *Lewiston,* 29 Me. 472 ; *Erskine* v. *Van Arsdale,* 15 Wall. 75 ; Cooley on Taxation, 568.

The application here is not under Bat. Rev. ch. 102, § 16, for a revision or correction of the valuation put upon the property, but is under § § 17, 18, of the same chapter, for refunding a tax illegally assessed and collected under. protest. The application is therefore in apt time and would be until barred by the statute of limitations .

By the provisions of § 18 above cited, upon the application of the party aggrieved, it is made the duty of the Board of Commissioners "to carefully examine the case, and if in their opinion the applicant is entitled to relief. they shall direct the Clerk to record on the record book, the cause of

complaint and the amount which in their opinion should be refunded to the applicant." A copy of this record is then certified to the Auditor of the State, who makes out his warrant to the Treasurer, who on its presentation is required to pay the holder the amount to be refunded by the State.

Such is the method prescribed by the Act for ascertaining and recovering that part of the illegal tax, which has been paid into the Treasury of the State. The other part of the tax paid into the treasury of the County, is to be ascertained and recorded in the same way upon the books of the Commissioners.

It then becomes the duty of the Board of Commissioners to direct its payment as other County indebtedness. In default of payment the creditor is entitled to his appropriate action to enforce the payment of the sum due.

The prayer of the plaintiffs is, that the Board of Commissioners shall thus certify to the Auditor of the State the amount illegally paid into the Treasury, and that they shall ascertain and record the amount due by the County and refund it to them. They are entitled to the relief, but not to the extent demanded; for the tax levied upon so much of the workshop location as is not actually occupied and used for workshops is legal. What part of the real estate upon that location is the subject of taxation, is fully explained in the other branch of the case before referred to. (See 76 N. C. 212.) With that exception, all the real estate held by the Company for right of way, workshop location and station places, is exempt from taxation.

The rules of taxation applicable to the real estate of this Company seem so plain now, that there can hardly be a mistake again.

The counter-claim set up against the recovery of the illegal tax is untenable. Where property has not been assessed for taxation, no taxes are due or recoverable; and it has been decided that lands listed for taxation cannot be re-assessed

after the tax becomes due, either for depreciation or increase of value. *Sudderth.* v *Brittain*, 76 N. C. 458; Bat. Rev. ch. 102, § § 24, 25. It would seem equally clear from § § 12, 19, of the same chapter, that land can be listed for taxation by the owner, or for double tax by the County Commissioners where the owner fails to list it, only in the year and for the year, in which taxes are due. Lands cannot be listed or taxed under the revenue law for a year preceding the current year. So that if any real estate liable to taxation thus escapes being listed, no tax is due or collectible; and of course there is nothing upon which the pretence of a counterclaim or set-off can be founded by the defendants here.

It is the duty of the Commissioners to deduct from the whole amount of taxes assessed and collected on the real estate of the Company, before described, the sum received on that portion which is liable to taxation as decided in this and the other branch of this case. All in excess of this deduction is illegal tax and must be refunded. The case must be remanded to the end that the Commissioners may deduct the legal tax proportionally from the amount paid into the State Treasury and the County Treasury, and make the necessary orders for refunding the amount in excess of the legal tax.

Per Curiam.                    Judgment accordingly.