## TALIEFERRO EX'R., V. BARNETT.

1. TITLE: CLOUD UPON. *Test of. Injunction.*

When a sheriff's deed would contain such *prima facia* evidence of title in the purchaser, that, to avoid it, proof of extraneous facts by the owner of the land would be necessary, it would be a cloud upon the title; and if the court, to remove such cloud, would set aside the deed if made, it will interpose to prevent the sale that would result in making such deed.

2. LIEN: *Created by recital in deed.*

The recital in a deed that the "land is held bound for the payment of the notes" given for it, creates a valid express lien upon the land for payment of the notes.

3. SAME: *Created by agreement, by and against whom enforced.*

A lien created on real or personal estate by the express agreement of the owner will be enforced in equity not only against him, but also, against any one afterward acquiring the estate with notice of

the agreement.  Such lien is in the nature of a trust which equity will compel the holder of the legal title to perform.  And in equity it passes by assignment of the debt it was created to secure. The cases of *Shepherd* v. *Thompson*, 26 *Ark.*, 617, and *Jones* v. *Doss*, 27 *Ark.*, 518, overruled. ·

4.  PLEADING.  *Parties, who necessary.*

It is a general rule that all persons materially interested in the subject matter of the litigation should be made parties to the suit, either as plaintiff or defendants.

APPEAL from *Dorsey* Circuit Court in Chancery. Hon. W. D. JOHNSON, Special Judge.

STATEMENT.

In November, 1874, Barnett filed in the Circuit Court of Dorsey county, his complaint in equity against M. T. McGehee, alleging in substance, that on the sixteenth day of December, 1871, he purchased from W. L. Pauley and his wife Susan, the following lands in that county, to-wit: the southeast of northeast quarter and northeast of southeast quarter, of section 34, and southwest of northwest quarter and northwest southwest quarter, section 35, in township 9 south, range 9 west, for $340, which he paid ; and they, by their deed of that date, conveyed the same to him.  The deed is exhibited.  That since said purchase he has learned that said Pauley and one H. J. Glover had executed to one A. D. Stewart two promissory notes, stated to be for the purchase money for said lands, but the said Stewart never owned or pretended to own said lands, nor at any time attempted to convey them to any one.  The second of said notes was dated on the twenty-ninth day of December, 1869, due and payable to said Stewart for the sum of one hundred and seventy-five dollars on or before the first day of January, 1872 ; and was, about the twenty-seventh day of December, 1869, transferred by said Stewart to the defendant

McGehee, who had obtained judgment on it against said Pauley and Glover before a Justice of the Peace, and caused a copy of the judgment to be filed in the office of the Circuit Court clerk, and an execution to be issued on it by said clerk, and to be levied by the sheriff of the county upon said lands, who had advertised and was threatening to sell them.

The plaintiff further alleges that he had no notice of the existence of the note until long after his purchase; that the proceedings of McGehee are a fraud upon his rights; that the judgement is no lien upon his lands, and McGehee's action is calculated to throw a cloud upon his title and do him great injury. He further charges that Stewart, by transferring the note to McGehee, lost his lien on said lands, if he ever had any, and that McGehee had not thereby acquired any lien. Prayer for an injunction to restrain the sheriff from selling said lands and for general relief.

A temporary restraining order was issued by the County Judge—the Circuit Judge being absent from the county.

At the following term the defendant answered, alleging in substance, that the lands had before belonged to one Eliza Comer, who, on the twenty-seventh of December, 1869, sold and conveyed them to said W. J. Panley and H. J. Glover for a certain consideration agreed on between them, a part of which was said note set forth in the plaintiff's complaint. A deed of Eliza Comer to Panley is exhibited. It conveys the land and improvements to Panley in consideration of the note above described and another for the same amount executed by Panley and Glover to said Stewart and due the first day of January, 1871; and recites that "said land and improvements are held bound for the payment of said two notes."

The answer then alleges that by the terms of the deed there was a lien reserved for payment of the note, which

33—37

was afterwards, with the note, transferred by Stewart to the defendant McGehee. Afterwards Pauley and wife conveyed the lands to the plaintiff, but before the conveyance the plaintiff Barnett had seen the deed from Comer to Panley and was well aware of the recitals of the same, and knew that the purchase money was secured thereby as a lien upon the land and had not been paid. That Glover has never transferred his interest in the land to any one. That the plaintiff is in exclusive possession of the land. Stewart, Pauley and Glover are all insolvent.

He admits the recovery of the judgment, the levy of the execution, and his intention to sell the land to satisfy it. And repeating the statements in the answer, makes them his cross-complaint against the plaintiff, "and if necessary against said Panley and Glover," whom he asks may be required to answer thereto ; and prays that the note be declared a lien upon the lands and they be sold to satisfy it, that the rights and equities of Barnett, and, if necessary, of Panley and Glover, be barred, and for general relief.

The note and transfer are exhibited and made part of the answer.

To this answer and cross-complaint a demurrer was sustained, and the defendant declining to plead further, his cross-complaint was dismissed and the injunction was made perpetual, and he appealed.

Since the appeal the appellant has died and the cause has been revived here in the name of Talieferro as his executor.

*Met. L. Jones*, for appellant :

The note was part of the original purchase money for the land, and is the very essence of a lien, no matter to whom payable. Cites *Sugden on Vonders*, 413 ; *Washburn on Real Estate*, 218.

Talieferro, Ex'r., v. Barnett.

*Martin & Martin* for appellant:

Barnett is a purchaser, with full notice of the lien. *Swan* v. *Benson*, 31 *Ark.*, 728; *Lavender* v. *Abbott*, 30 *Ark.*, 177. Lien assignable by Act 1873. *Gantt's Digest, Sec.* 564, and was not lost by taking note and personal security. *Story Eq.*, 1226; 30 *Ark.*, 181. Waiver not presumed. *Shepherd* v. *Thomas*, 26 *Ark.*, 638; 2 *Ohio*, 386; *Tendle* v. *Jones*, 43 *Miss.*

*D. H. Rousseau*, for appellee:

Vendor's lien is personal and not assignable. *Cail* v. *Moore & Andrews*, 14 *Ark.*, 635; *Shall* v. *Biscoe*, 18 *Ark.*, 162; 27 *Ark.*, 617; 2 *Washburn on Real Property*, 91. See also *Scaggs* v. *Nelson*, 25 *Miss.*, 88, directly in point. Stewart never paid one cent of the purchase money, and the note was not given him for a valid consideration, and there was no privity of estate between Panley and Stewart, and no lien. *Ib.* The taking of security raises a strong presumption that Mrs. Comer intended to waive her lien. 2 *Wash. on R. P.*, 91; 13 *Ohio*, 148; 27 *Ill.*, 137; 37 *Ill.*, 181.

HARRISON, J. A purchaser at the sale under the execution, which the plaintiff by his complaint sought to enjoin, would as well as the plaintiff claim title from Panley; and as the sheriff's deed to him would contain such *prima facie* evidence of title in him, that, to avoid it, proof of extraneous facts would be required, it would necessarily have the effect to cast a cloud upon the plaintiff's title. *McCullough* v. *Hollingsworth*, 27 *Ind.*, 115; *Pixley* v. *Huggins*, 15 *Cal.*, 127; *England* v. *Lewis*, 25 *Cal.*, 337; *Downing* v. *Mann*, 43 *Ala.*, 266; *Key City Gas Light Co.* v. *Munsell*, 19 *Iowa*, 305; *Freeman on Executions, Sec.* 438.

1. TITLE: Cloud upon.

Talieferro, Ex'r., v. Barnett.

<span style="float:left">Test of.</span> " The true test, as we conceive," say the Supreme Court of California, in the case of *Bixley* v. *Huggins, supra,* "by which the question whether a deed would cast a cloud upon the title of plaintiff may be determined, is this : Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof would be necessary, the cloud would exist ; if the proof would be unnecessary, no shade would be cast by the presence of the deed."

<span style="float:left">Injunc- tion.</span> And so as the court would, to remove the cloud it cast,. have set aside the deed which the sheriff might have made to the purchaser, it will interpose to prevent the sale from which a conveyance creating such a cloud must result. *Bix- ley* v. *Huggins, supra ; Pettit* v. *Shepherd ; 5 Paige* 501 ; *Bisp. Equity, Sec.* 425.

The sale was therefore very properly enjoined.

<span style="float:left">2. LIEN: Recital in the deed good.</span> But as to the validity of the lien reserved in the deed from Mrs. Comer to Panley, for the payment of the notes given in the purchase of the land from her, there can be no question. It is well settled that a lien may, by the express <span style="float:left">3. LIEN: By and against whom en- forced.</span> agreement of the owner, be created on real or personal estate, which equity will enforce, not only against him, but also against any one who afterwards takes the estate with notice of it. Such a lien is in the nature of a trust which equity will compel the holder of the legal title to per- form. *Pinch* v. *Anthony,* 8 *Allen,* 536 ; *Champion* v. *Brown,* 6 *John., Ch.* 398 ; 2 *Sto. Eq. Juris., Sec.* 1231.

And such a lien, according to the well settled doctrine of equity, passes by an assignment of the debt it was created to secure. *Section* 564 *of Gantt's Digest,* which was enacted since the execution of the notes, is but an affirmance of the doctrine.

Talieferro, Ex'r., v. Barnett

CHIEF JUSTICE WAITE, in delivering the opinion of the Supreme Court of the United States in the case of *Ober* v. *Gallagher*, 3 *Otto*, 199, which went up to that court from the Circuit Court of the United States for the Eastern District of Arkansas, says:

"It is undoubtedly true, that in many of the States, the implied lien which equity raises in favor of the vendor of real property to secure the payment of the purchase money, does not pass by an assignment of the debt; but here the lien was not left to implication; it was expressly reserved. In fact, it is more than a lien. In equity it is a mortgage, so made by express contract. The acceptance by Thompson of the deed, containing the reservation, amounts to an express agreement on his part that the land should be held as security for the payment of what he owed on account of the purchase money. This created an equitable mortgage; and such a security passes by assignment of the debt it secures."

The cases of *Sheppard* v. *Thomas*, 26 *Ark.*, 617, and *Jones* v. *Doss*, 27 *Ark.*, 518, both decided by a divided court, in which the assignability of such a lien was denied, were, in our opinion, not correctly decided, and were virtually, if not directly and expressly, overruled in *Campbell* v. *Rankin*, 28 *Ark.*, 401.

*Sheppard v. Thomas, 26th Ark.; and Jones v. Doss, 27 Ib., overruled.*

As the plaintiff derived his title from Panley, he had, when he purchased, constructive notice at least of the lien; but it was alleged in the answer that he had actual notice. Such facts were, therefore, stated in the answer as showed a right in the defendant, had all necessary parties been before the court, to the relief prayed against the plaintiff.

But it is a general rule that all persons who are materially interested in the subject matter of the litigation should be made parties, either plaintiffs or defendants. *Mayes* v.

*Necessary parties.*

*Hendry*, 33 *Ark.*, 240 ; *Brodie* v. *Skelton*, 11 *Ark.*, 120 ; *Porter* v. *Clements*, 3 *Ark.*, 364 ; *Sto. Eq. Plead.*, 72.

It was not shown that the other note given in the purchase of the land, and secured by the lien reserved, had been paid, and though overdue, we are not at liberty to presume such to have been the case. If paid, the answer should have so stated, or if still unpaid, the holder of it, who was equally with the defendant interested in the security, should have been made a party.

Pauley, who was personally bound and primarily liable for the debt, and against whom, in case a sale of the land was decreed, the defendant would also be entitled to a decree, would also have been a proper party for that purpose, though not a necessary or indispensable one, for the foreclosure. But the holder of the other note was a necessary party, without whose presence before the court there could be no determination of the controversy between those who were before it, or a full and complete decree touching their rights, be rendered.

As, however, a proper case was made in the answer for relief, and the want of parties was not one of the grounds of the demurrer to it, the demurrer should have been overruled ; but the answer should have been amended, and the proper parties brought in.

The decree, so far as respects the complaint, and perpetually enjoins the sale of the land under defendant's judgment, is affirmed. But as to the dismissal of the defendant's counter-claim, it is reversed, and the cause is remanded to the court below, with instructions to overrule the demurrer to the answer, and to allow the defendants, if so advised, to amend the same, and make proper parties thereto, as above indicated, and for further proceedings.