# THE SONOMA COUNTY TAX CASE.

## SAN FRANCISCO & N. R. Co. *v.* DINWIDDIE and others.

*(Circuit Court, D. California.* September 23, 1882.)

1. STATE CONSTITUTION—CONFLICT OF LAW.

An assessment made in strict accordance with the provisions of the state constitution relating to the assessment of railroad property which violates the provisions of the fourteenth amendment to the constitution of the United States is void.

2. PAYMENT—RECOVERY BACK—DURESS.

A payment under it is not a payment under duress, but is voluntary and cannot be recovered.

This case was argued with the *San Mateo Case, ante,* 722, and the opinion was delivered at the same time.

*James A. Johnson*, for plaintiff.

*District Attorney Ware*, for defendant.

SAWYER, C. J. This is an action on the official bond, as tax collector of Sonoma county, of defendant Dinwiddie against Dinwiddie as principal, and the other defendants as his sureties. The action is to recover something over $18,000, paid by plaintiff to defendant Dinwiddie, under protest, for taxes assessed for the fiscal year 1881–82. The tax is alleged to have been assessed in pursuance of the provisions of section 10 of article 13 of the constitution of the state of California; and it is urged that such assessment is absolutely void, because said provision, under which the assessment was made, violates the fourteenth amendment to the constitution of the United States, in not giving notice, or affording an opportunity to be heard, and consequently the assessment, if it could be enforced, would take the property of the plaintiff without due process of law. The complaint alleges, as a breach of the condition of the bond, that defendant Dinwiddie advertised the said property assessed, being the franchise, road-way, road-bed, rails, and rolling stock, for sale for said taxes so assessed, and threatened to sell said property, when, to prevent a sale and save its property, and to prevent a cloud being cast upon its title, the plaintiff paid the amount of the tax under protest. The defendant demurs to the complaint.

In *San Mateo County* v. *S. P. R. Co.*, *supra*, we have fully examined the question as to the validity of the provision of the state constitution under which this assessment for the tax in question was made, and have held that an assessment made in strict accordance with this provision is in violation of that provision of the fourteenth amendment to the constitution of the United States which says that no "state shall deprive any person of life, liberty, or property without due process of law," and is therefore void. As the assessment was utterly void, it would have afforded no justification for a forced collection of the tax. Being void, as plaintiff alleges that it is, it is insisted by the defendants that the payment was voluntary, and, being so, the money paid cannot be recovered from defendants. This is clearly a voluntary payment within the rule laid down by the supreme court of California in *Bucknall* v. *Story*, 46 Cal. 599. It cannot be distinguished from that case. There was no possession of the property in the tax collector to be released in this case. He had never seized and he did not detain, and he did not even threaten to seize or detain any property. He was simply proceeding to sell property out of his possession upon an assessment of a tax that was wholly

void upon its face. Neither the sale nor a conveyance under it could create any cloud on the title. The facts were fully known to the plaintiff, and the plaintiff at least maintained that the assessment and proceedings were absolutely void; and on this proposition the plaintiff turns out to be right. The assessment was claimed to be void, and it was on that very ground that the plaintiff objected to the sale, and paid the money under protest. The means of knowledge of plaintiff were equal to those of the tax collector. One or the other must suffer, if more money than the tax ought to have been, was actually, paid. But the tax collector was a public officer, and was required by the terms of the law, at least, to collect this tax, which was assessed in form, in accordance with the provision of the state consititution, and it is so alleged. There is no more reason for his determining, at his peril, whether the constitutional provision under which he was required to act was valid, than there was for the plaintiff to pay, or decline to pay, at his peril. The defendant, at least, acted in good faith upon what appeared in terms to be the constitution and laws of the state. The plaintiff was bound to know the law. If the plaintiff paid, when there was no actual seizure or restraint of its goods, merely from a fear that it might be mistaken as to the law, it acted upon its own judgment as to what was the best course to pursue. It was merely a question of *policy* and *not coercion*. If there was a mistake on its part, it was a mistake of law, which it was bound to know, and not a mistake of fact. It was, in fact, right in its view of the law. At all events the payment was clearly voluntary under the laws of California as settled in *Bucknall* v. *Story*, *supra*, and we know of no subsequent decision of the supreme court of the state to the contrary. This being the law of the state, we are required to follow it. Had this been the only question, we should have had no jurisdiction, and the case would have been remanded to the state court, where this rule of law would have been enforced. The case was retained only because it presented the question arising under the fourteenth amendment, and being obliged to retain the case for the determination of that question, it is necessary to dispose of all the questions necessarily arising in it. So, also, there was no duress, as that term is defined in the Civil Code, § 1569. There was, certainly, no duress of the person, and there was no "detention of property" at all, it never having been seized, and, consequently, no "unlawful detention of the property of the plaintiff." All the other cases referred to have some difference in circumstances, such as actual seizure and detention, constituting duress, as thus defined by the

Code, or some other circumstances distinguishing them, or else the facts are so defectively stated as not to show upon what precise point the case turned.

The case of *Detroit* v. *Martin*, 34 Mich. 173, is also a strong case in support of the views we have adopted. In that case it was distinctly decided that a threat to enforce payment of a void tax, no seizure of the goods or the person having been made or threatened, where the officer had no authority to compel payment otherwise than by the sale of the land, which could injure no one, would not constitute a payment made in consequence thereof anything but a voluntary payment; that a protest cannot, alone, change what would otherwise be a voluntary payment into an involuntary one, or change the rights of the parties. It was further held that one who had knowledge of the facts, being conclusively presumed to know that an assessment which is laid under a statute which is unconstitutional and void cannot be made the basis of a sale that could constitute a cloud on his title, and therefore, to know that he could not be injured by it.

It is alleged that the tax deed would, under the statute, be *prima facie* evidence, at least, of title, and that the case would come within the principle of *Pixley* v. *Huggins*, 15 Cal. 127. But in this, counsel are mistaken. The tax deed under a sale upon the tax in question, if offered in evidence, would show upon its face that it was for a tax levied upon a railroad, its franchise, etc., under the provisions of the constitution of California claimed, and by us held, to be void. It would present a question of law arising upon a comparison of the deed with the law without other evidence. It would appear that a tax levied in pursuance of the constitutional provision could not be valid. The deed would be rejected as void. No counter-evidence would be required to overthrow it. The tax deed cannot be evidence that there is a valid law under which the tax could be assessed. We take notice of the law. It would appear at once that a valid assessment could not under any circumstances be made under that provision of the constitution, and the statute in force. If made in accordance with those provisions it would be void. It would therefore not constitute any cloud upon the title. This is the doctrine of *Pixley* v. *Huggins*, cited. In *Williams* v. *Corcoran* the supreme court of California also held that "parties" are presumed to know the law; to know that the provision of the act in respect to the assessment of property within the district was void. "A tax deed," said the court, "based upon the assessment in this case, would constitute no cloud

on their title to the lands;" that a threat by the collector to sell without lawful authority was idle, and did not constitute coercion. 46 Cal. 556. Mr. Cooley states the same rule with respect to clouds upon titles. Cooley, Taxation, 542. The same principle, as we have already seen, was adopted in *Detroit* v. *Martin*, before cited.

We are of opinion that no cause of action is shown by the complaint, for the reasons stated and upon the authorities cited, and that the demurrer must be sustained, and it is so ordered.

Let final judgment be entered for defendants on the demurrer.

TAXES PAID UNDER PROTEST—RECOVERY BACK. Taxes assessed without authority of law are void. *Stephens* v. *Daniels*, 27 Ohio St. 527; *Welker* v. *Potter*, 18 Ohio St. 85; *Hersey* v. *Sup'rs*, 37 Wis. 75; *Marsh* v. *Sup'rs*, 42 Wis. 502; *Schettler* v. *Fort Howard*, 43 Wis. 48; *Plumer* v. *Marathon Co.* 46 Wis. 163; *North Carolina R. Co.* v. *Alamance*, 77 N. C. 4. Taxes illegally assessed, if paid under protest, may be recovered back. Id. So of a railroad tax. *Cade* v. *Perrin*, 14 S. C. 1. So of express and telegraph companies. *West. U. Tel. Co.* v. *Mayer*, 28 Ohio St. 521. A suit to recover back a portion of a tax illegally assessed, must be brought in time, the money must not have been voluntarily paid, and the taxing officers must have acted with turpitude. Where both parties are innocent and both in fault the payment cannot be recovered back. *Galveston Co.* v. *Gorham*, 49 Tex. 279. When there is no legal duress the payment will be deemed voluntary and it cannot be recovered back. *Wills* v. *Austin*, 53 Cal. 152. So, where there was no process or compulsory proceedings, the payment will be deemed voluntary, and it cannot be recovered back. *Com'rs* v. *Norris*, 62 Ga. 538.—[ED.