B. T. JOHNSON and others v. A. D. ROYSTER and others.

### Taxation—Principal and Agent.

1. Property cannot be listed or taxed for any year preceding a current year.

2. The act of 1879, authorizing the collection of taxes and arrears due the city of Raleigh for the three years preceding its passage, does not confer the right to collect a tax upon property not listed according to the law.

3. Ratification of the act of an unauthorized agent must, in order to bind the principal, be made after a full disclosure of all the facts and circumstances attending the transaction.

(*R. R. Co.* v. *Com'rs,* 77 N. C., 4, and 82 N. C., 259; *Sudderth* v. *Brittain,* 76 N. C., 458; *Taylor* v. *Allen,* 67 N. C., 346, cited and approved).

APPEAL from an interlocutory order made at June Term, 1882, of WAKE Superior Court, by *MacRae, J.*

The facts as set forth in the pleadings and the accompanying affidavits, are as follows: The plaintiffs, who are residents of the state of Maryland, own, and have owned for several years, a lot of land situate in the city of Raleigh, which they have been accustomed to list for taxation through their agents, Messrs. Battle and Batchelor, and in their names "as agents." After listing the land for the year 1876, and paying the tax for that year they ceased to act as agents for the plaintiffs, and consequently the land was not given in by any one, or entered at all upon the tax-lists for the year 1877.

In 1878, the plaintiffs appointed W. J. Saunders as their agent, who, in June of that year and upon being informed by the clerk of the city that it had not been listed for the year previous, authorized that officer to enter it upon the list of 1877, and in the names of the former agents, which was accordingly done—the tax being fixed according to its previous assessment, at $66.67.

The plaintiffs gave no authority to their agent, Saunders, to list the land for the year 1877, nor had they any knowledge of

his having done so, or of the fact that it had been omitted from the list for that year. But supposing that it had been properly listed and assessed, they furnished their agent, Saunders, with the means to pay the tax for the year 1877, which, however, he failed to apply in that way.

The defendant, Royster, as tax-collector for the city, has demanded the tax for that year, and upon its being refused, threatens to sell the lot for that tax, and has made advertisement thereof. The defendant also put in evidence a private law ratified the 14th day of March, 1879 (Private Acts 1879, ch. 110), whereby the city tax-collector was authorized and empowered to collect all taxes and arrears due the city, for the years 1875, 1876 and 1877.

A temporary injunction had been granted restraining the defendant from selling the property, but upon the coming in of the answer, the same was dissolved by the judge, and the plaintiffs appealed.

*Messrs. Hinsdale & Devereux,* for plaintiffs.
*Messrs. Reade, Busbee & Busbee,* for defendants.

RUFFIN, J.   The authorities go very far in support of the plaintiffs' right to have their land exempted from the tax complained of.   In *N. C. R. R. Co.* v. *Com'rs of Alamance,* 77 N. C., 4, it is said to be clear, under the laws of this state, that lands can be listed for taxation by the owner, or for double tax by the county commissioners in case of his failure, *only in the year, and for the year, in which the tax thereon is due,* and that it can neither be listed nor taxed for any year preceding a current year; and it is expressly declared, that if by any means any real estate, which would otherwise be liable to taxation, should escape being thus listed during the year for which the tax is due, then no tax whatever is collectable thereon.   In support of its decision, the court refer to then recent case of *Sudderth* v. *Brittain,* 76 N. C., 458, and the provisions of the statute, Bat. Rev., ch. 202, §§ 12

and 19; and to these we may add *Taylor* v. *Allen*, 67 N. C., 346.

His Honor seems to have taken the same general view of the law, and to place his order dissolving the injunction solely upon the ground, that the agents of the plaintiffs had authorized the land to be listed for the year in question; which act of their agent he finds the plaintiffs, though not fully informed of all the facts in the case, afterwards ratified, in so far as to send the money for the payment of the tax.

The authority quoted appears to go the full length of saying that the owners themselves could not, even with their own direct assent, subject their land to be taxed under the existing circumstances; and if not, then certainly they could not do so through their agent. But supposing it to be otherwise, and that his assent when ratified by them could have the effect supposed, still, the very fact which His Honor finds to be true, that they were not fully informed of the circumstances under which their agent gave his assent, would of itself deprive their subsequent ratification of all its force and virtue. There is no pretence that the agent had positive authority to act for them in the premises; and no doctrine is better established than that the ratification of any act of an agent, previously authorized, must, in order to be effectual and binding on the principal, be made with a full knowledge of every material fact; and, if the facts be either suppressed or unknown, then the ratification is treated as a nullity, because obtained through fraud or mistake. Story on Agency, § 243; *Owings* v. *Hall*, 9 Peters, 607.

Nor can we perceive that the act of 1879, referred to by the defendants' counsel—and which in fact is made a part of the case—can at all affect the rights of the parties. The only authority given by it is *to collect taxes and arrears due the city*, for the three years preceding its passage, and in *N. C. R. R. Co.* v. *Commissioners of Alamance, supra,* the doctrine is laid down, without any qualification, that when property has not been assessed for taxation, that is, given in by the owner and its value ascertained under the law, *no taxes are due or recoverable* thereon;

and again in a case between the same parties, reported in 82 N. C., 259, it is still more emphatically said, that a tax, as a debt, does not become due until the taxable property is *listed and valued,* and a definite per centum affixed to its valuation ; and that until this be done, no action can be maintained for the tax, or its collection enforced by distress.

For these reasons, the court thinks the order of His Honor dissolving the injunction is erroneous, and that the same should be reversed, and the injunction made perpetual.

It can hardly be necessary, and yet to avoid misapprehension, we note the distinction between the case last cited and the present one.   There, the legislature, by a positive enactment, had directed the tax-lists of the county of Alamance to be corrected, and the omitted property to be entered upon them, and the question before the court was as to the effect of the lists when corrected; and not, as here, whether a tax could be levied upon property that had never been listed or assessed for taxation.

Error.                                        Reversed.