JOHNSTON STATE REVENUE AGENT *v.* PUFFER MANUFACTURING COMPANY.

[71 South. 377.]

TAXATION. *Imposition of taxes. Assessment. Jurisdiction of court.*

Assessment is the listing and valuation of property liable to taxation according to law. It is essential for the apportionment of all *ad valorem* taxes. An assessment can only be made by the officer designated by law to make it; when the constitution devolves that duty upon a particular person, the legislature may not substitute another. Hence where no taxes were assessed against a foreign corporation, which it was claimed did business in the state, a court of chancery is without jurisdiction to both assess and equalize the omitted taxes and render a personal decree therefor, it not being authorized to assess.

APPEAL from the chancery court of Hinds county.
Hon. O. B. TAYLOR, Judge.

Bill by J. C. Johnston, state revenue agent, against the Puffer Manufacturing Company. From a decree sustaining a demurrer to the bill, complainant appeals.

The facts are fully stated in the opinion of the court.

*Jas. R. McDowell* and *F. M. West,* for appellant.

*W. C. Wells,* for appellee.

POTTER, J., delivered the opinion of the court.

This is an appeal from the chancery court of the first district of Hinds county · sustaining a demurrer to appellant's bill filed against appellee.

The state revenue agent exhibited his original bill against the Puffer Manufacturing Company, a nonresident, seeking to recover state, county, and municipal taxes alleged to be delinquent for the years 1908 to 1915, both inclusive. The appellee is a corporation domiciled at Boston, Mass., and is engaged in the manufacture and· sale of soda water fountains in the state of Mississippi and elsewhere, and has been so engaged for many years previous to the filing of this suit. The appellee sold fountains, according to the allegations of the bill in this state, during the years above mentioned, on contracts whereby the title to the property was retained by it and all payments, under the terms of the contracts, were to be considered rent until the entire purchase money was paid. In other words, the contracts for the sale of the fountains in question were the usual so-called ''lease contracts'' by which the sales of personal property are made and the title retained in the seller until the purchaser pays the entire contract price to the seller in installments, whereupon the property, upon the payment of the ·last installment, becomes the property of the lessee or purchaser.

The bill alleged that many sales of the kind above mentioned were made by the defendant company in the state of Mississippi; that a number of such fountains had been leased in the state of Mississippi during the years mentioned; that the property was the property of the appellee until the terms of the lease were complied with; that no taxes had been paid thereon; that such taxes were debts lawfully owing from appellee, and that it was liable therefor; that some of the contracts of the lease were recorded, but that many of them were not, and

a copy of the form of lease was made an exhibit to the bills.

The bill prayed: (1) For a discovery setting out in detail the names of all persons who had contracts with the defendant throughout the state and the several counties and municipalities therein, beginning with the year 1908, and ending with the year 1915; (2) the date of said contract; (3) the amount named as consideration in each contract; (4) the duration of the said contracts and the installments called for therein; (5) a description of the property so hired or leased; (6) the residence of each of the lessees in said contracts; (7) the amounts paid said manufacturing company under said contracts; (8) the present location of each soda fountain and appurtenances thereto appertaining, and the location of each fountain on the 1st day of February of each year since it was brought into the state of Mississippi, and, after discovery, for an accounting and a decree for the full amount adjudged to be due the state, counties, and municipalities as taxes for the years mentioned.

A demurrer was filed to this bill setting out, first, that the court has no jurisdiction of the matters set forth and alleged in said bill of complaint, and other grounds of demurrer unnecessary to be set out herein, as this case may be determined, in so far as the correctness of the decree of the chancellor is concerned upon the first ground alone.

It will be noted that this is not a bill seeking a discovery of facts upon which the revenue agent might proceed to have property assessed for back taxes in the usual way and through the properly constituted authorities. If the bill was of that nature, it would present quite a different case from the one we are now called upon to determine.

The bill of complaint under consideration seeks a decree for taxes without any assessment whatsoever. It seeks to have a personal decree rendered against the de-

fendant company for unpaid back taxes; the amount to be determined by an accounting in the chancery court. The chancery court, under the prayer of this bill, would both assess and equalize the taxes sought to be collected. The question presented in this case has already been clearly settled in this state in the very able opinion of Justice Cooper, in the case of *State Revenue Agent* v. *Tonella,* 70 Miss. 701, 14 So. 17, 22 L. R. A. 346, and we quote from his opinion the following:

"Unquestionably the Constitution contemplates and requires an assessment of property as a condition of its taxation. Assessment is the listing and valuation of property liable to taxation according to law. It is essential for the apportionment of all *ad valorem* taxes. Cooley on Taxation, 259. And an assessment can only be made by the officer designated by law to make it. Welty on Assessments, par. 10. When the Constitution devolves that duty upon a particular person, the legislature may not substitute another. Welty on Taxation, par. 10; *People* v. *Kelsey,* 34 Cal. 473; *People* v. *Hastings,* 29 Cal. 450; *People* v. *Sargent,* 44 Cal. 434; *Houghton* v. *Austin,* 47 Cal. 646; *Richmond & Danville Railroad Co.* v. *Commissioners,* 74 N. C. 506; *Railroad Co.* v. *Commissioners,* 72 N. C. 10."

In the case of *Delta Pine Land Co.* v. *Adams,* 93 Miss. 340, 48 So. 190, the opinion begins by stating that the revenue agent had caused the appellant to be back-assessed for taxes for the years 1889 to 1905, inclusive. In that case section 4256, Code of 1906, is properly applied. After an assessment is properly made, a suit may be brought for the recovery of the taxes as a debt due by the person or corporation owning the property, or doing the business upon which the tax is levied or imposed, but before an *ad valorem* tax is recoverable, under the provisions of our Constitution, an assessment must first be made.

The decree of the chancellor sustaining the demurrer to the bill filed by the revenue agent is therefore affirmed.

*Affirmed.*