[No. 2886 Dec. 11, 1925.]

STATE V. MAGDALENA DEVELOPMENT CO.

[242 Pac. 329]

SYLLABUS BY THE COURT

1. Section 233, chapter 133, Laws 1921, requiring assessment of property omitted "in the assessment of any year, or number of years," to be listed "upon the assessment roll for the year in which such property is discovered," construed to require listing on the roll for the year in which the act of listing occurs.

2. Assessment by the county treasurer of omitted property, on the tax roll of the year in which the property was omitted, before delivery to him of the roll for the year in which the assessment is attempted, held void.

3. A judgment based upon void tax assessment cannot be upheld.

---

[1] 37Cyc p. 1018 n. 93.
[2] 37Cyc p. 1018 n. 93.
[3] 37Cyc p. 1253 n. 44.

·Appeal from District Court, Socorro County; Owen, Judge.

Action by the State against the Magdalena Development Company. Judgment for plaintiff, and defendant appeals and the State brings a cross-appeal. Reversed and remanded, with direction.

James G. Fitch and Chas. H. Fowler, both of Socorro, for appellant.

William J. Eaton, Sp. Atty., of Socorro, for the State.

OPINION OF THE COURT

WATSON, J. By the amended complaint, judgment is sought against appellant on account of taxes alleged to have been assessed against it for the years 1888 to 1919, inclusive. Personal judgment was rendered in a large amount, and made a lien upon certain personal and real property, for the satisfaction of which a sale was ordered. The district court refused to include in said judgment taxes for certain of the years for which claim was made, because of which refusal the state took a cross-appeal.

At appellant's request, the court made the following findings of fact:

"(1) The entries upon the assessment rolls in the county treasurer's office, offered in evidence herein, to wit, for the years 1888 to 1919, inclusive, purporting to assess and levy taxes against the defendants herein, were made by William J. Eaton, the attorney for plaintiff in this cause, in the county treasurer's office, in the presence of the deputy treasurer, Thomas A. Baca, from memoranda brought with him by said Eaton, but with the authority of the treasurer, Flavio Vigil. The names of the defendants, the valuations placed upon the property, and the computation of taxes were made by said Eaton from his said memoranda.

"(2) Said entries were made upon said assessment rolls in the year 1921 after chapter 133 of the Session Laws of 1921 had been passed and had become effective.

"(3) Said entries were made some time after the first of August, 1921.

"(4) The assessment roll for the year 1921 was delivered by the assessor of Socorro county to the treasurer on or about the 28th day of February, A. D. 1922."

Appellant contends that the assessments set forth in these findings were void.

[1] It appears from the findings that an attempt was made to assess on each of the tax rolls for the years 1888 to 1919, inclusive, property claimed to have been omitted from the tax rolls and to have escaped taxation in the years mentioned. The authority for the assessment of omitted property is found in section 233, chapter 133, Laws of 1921, which reads as follows:

"If the assessor shall, at any time before the delivery of the assessment roll to the county treasurer, discover that any personal property has been omitted in the assessment of any year, or number of years, and is, at the time of the discovery of such omission, owned or possessed by the same person as was the owner or in possession thereof at the time of such omission, it shall be his duty to list the same as hereinbefore provided in this article, in cases where the owner of property has failed to make return thereof, and he shall place the said property and his valuation thereof for every year, but not more than five years, during which said property was omitted, upon the assessment roll for the year in which such property is discovered, before delivering the same to the treasurer; and in case such omission of property from the assessment roll has been discovered by the treasurer after the assessment roll has been delivered to him, it shall be his duty to put the same upon the assessment roll in his possession, entering it thereon under the head of Additional Assessments, and he shall extend the taxes thereon as the county assessor might have done if he had discovered such omisson before delivering the assessment roll to the treasurer. And in case of the like omission of real estate from the assessment roll for one or more years, like proceedings shall be had without regard to whether the property is still owned by the same person who was the owner at the time of such omission. Any assessor or treasurer so placing property on the assessment roll shall immediately notify the State Tax Commission, which shall thereupon make a corresponding entry on the roll in its possession."

For the purposes of this case, we assume, but do not decide, that the assessments in question, though entered upon the tax rolls by Mr. Eaton, the state's special attorney, were, in law, the acts of the county treasurer of Socorro county.

Consulting the statute, we find that the assessment of omitted property, by whomever made, is to be

State v. Magdalena Development Co., 31 N. M. 114

"upon the assessment roll for the year in which such property is discovered." This can only mean the roll for the year in which discovery of the omission is made. So property discovered during 1921 to have been omitted in 1920, or in any other former year, is to be assessed on the 1921 roll. This is the clear import of the expression. The record does not show when the "discovery" was made. The assessments were attempted in August, 1921, and every inference would favor the conclusion that the "discovery" was made at about that time. However, it seems to us that it cannot be the "discovery" that is to control. It must be on the roll for the year in which the assessment is attempted. The assessor or treasurer in office in former years may have "discovered" the omissions, but if he failed in his duty to assess, it would not, of course, preclude assessment by his successor on "discovery" of the omission. So an assessor or treasurer discovering the omission in 1920, but not deciding to make the assessment until 1921, should add the property, not to the 1920 roll, but to the 1921 roll. This construction favors practical administration, because it is much more easily determined when the assessment was made than when the omission was discovered. We have no doubt that this was the legislative intent, and that the looseness of language is due to the presumption that the official on discovering the omission will immediately perform the duty of assessing, and that hence discovery and assessment will occur the same year.

Having concluded that the statute contemplated that the assessment in question should be made on the tax roll of 1921, it is apparent that it was at least irregular to make them on the respective rolls of the years in which it was claimed that the property had been omitted. Whether that would be sufficient of itself to vitiate the judgment, we do not inquire, but pass to the question as to what official has authority or jurisdiction to make the assessment of omitted property.

[2] Again consulting the statute, we find that the treasurer's authority to assess property omitted in former years arises "after the assessment roll has been delivered to him." Consulting the findings, we observe that the assessment was made six months before the delivery of the roll, while the same was in the possession of the assessor, and while, under the statute, the duty of assessing resided elsewhere.

Upon what theory can we attribute any virtue to this act of the county treasurer? It is very plain that the statute contemplates but one roll on which such assessments shall be made. In this case, as we have concluded, it was the 1921 roll. It is likewise plain that concurrent jurisdiction is not given to the assessor and the treasurer. The delivery of the roll marks the end of the jurisdiction of the one and the beginning of the jurisdiction of the other. It was not intended to allow either the state or the taxpayer to apply, in August, 1921, as a matter of choice, to the assessor to include the omitted property in the 1921 roll in his hands, or to the treasurer to include it in the 1920 roll in his hands. Whether such an assessment is to be made at all involves the determination of questions of fact; Was the property omitted in former years? If personal property, had there been any change of ownership? At the time the purported assessment was made, jurisdiction to decide these questions resided in the assessor. Another has assumed to act. This seems to be sufficient to settle the invalidity of the assessment. Unless the judgment can be sustained without any assessment it must fall.

"An assessment must be made before omitted taxes can be recovered through court proceedings." Cooley on Taxation (4th Ed.) § 820, citing Johnson v. Puffer. Mfg. Co., 111 Miss. 240, 71 So. 377.

"An assessment, when taxes are to be levied upon a valuation is obviously indispensable. It is required as the first step in the proceedings against individual subjects of taxation, and is the foundation of all which follow it. Without an assessment they have no support, and are

nullities. The assessment is, therefore, the most important of all the proceedings in taxation, and the provisions to insure its accomplishing its office are commonly very full and particular. If there is no valid assessment, a tax sale of lands is a nullity. A want of assessment is not a mere irregularity remedied by a curative statute." Cooley on Taxation (4th Ed.) § 1045.

"The only authority possessed by assessing officers or boards is that conferred by statute either expressly or by necessary implication, and this rule applies equally well to state tax boards." Cooley on Taxation (4th Ed.) § 1054.

"No individual as such, or by virtue of his citizenship, can compel another to perform his duty to the state. He must come clothed with authority of the state for the purpose, or in contemplation of law he comes as a trespasser, whose lawless intrusion may rightfully be resisted and repelled. This applies equally well to assessors, reviewing boards, collectors, and all other tax officers." Cooley on Taxation (4th Ed.) § 1001.

This court said, in Maxwell v. Page, 23 N. M. 356, 168 P. 492, 5 A. L. R. 155:

"The essentials of taxation are the existence of the subject-matter which is to be subjected to taxation and its liability to the imposition of the tax, the assessing of the property for taxation, and the levying of the tax thereon."

Appellant cites State v. Cage (Tex. Civ. App.) 176 S. W. 928; Parkinson v. Jasper County Co., 31 Ind. App. 135, 67 N. E. 471; City of Hannibal v. Bowman, 98 Mo. App. 103, 71 S. W. 1122; Board of County Commissioners v. Lane, 76 Kan. 12, 90 P. 1092—all of which seem to sustain its position.

[3] We are entirely satisfied that the judgment in this case, having no assessment to support it, must fall. Other questions are presented which it would be advantageous to have settled. However, as the brief on the part of the state discusses only the questions raised on the cross-appeal, ignoring appellant's propositions entirely, we deem it inadvisable to go further than necessary to the decision of this case.

As the taxes which the court refused to include in the judgment rested upon the same void assess-

ments, there is, of course, no merit in the cross-appeal.

The judgment must be reversed, and the cause remanded, with direction to enter judgment for the defendant, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.