(116 So. 572)

No. 28946.

**PENICK & FORD, Limited, Inc., v. EHRET,
Assessor of Jefferson Parish, et al.**

March 12, 1928.   Rehearing Denied April 9,
1928.

the assessment. After a trial on the merits, the assessment was ordered reduced to $650,-510.97 and the preliminary injunction issued was perpetuated. From this judgment, the defendants appealed.

The plaintiff company is engaged in the business of mixing and blending syrups and molasses into a uniform product which it cans, stores, and sells directly to the trade. For that purpose, it purchases large quantities of raw materials from the sugar planters of the state. As all other corporations are required to do, it annually makes its return to the Louisiana tax commission and the commission assesses its merchandise on hand as of the 1st day of January by averaging the inventories of the preceding year on a 12 months' basis. In the year 1926, the plaintiff company filed its return of taxable property, omitting therefrom the value of the Louisiana products on hand as of January 1, 1926, which, on the basis of the monthly inventories for the year 1925, was $1,028,446. The tax commission ordered these products assessed for the year 1926. The plaintiff company applied to the commission and to the police jury for a cancellation of the assessment, or, in the alternative, for its reduction to $121,415. The police jury approved the application and requested the tax commission to cancel the assessment. The commission, after a hearing, refused to do this, on the ground that section 4 of article 10 of the Constitution of 1921, which reads, "The following property, and no other, shall be exempt from taxation: * * * Agricultural products while owned by the producer," repealed all prior laws on the subject, and that as the products in question were no longer owned by the producer they were taxable. The tax commission allowed a deduction of 15 per cent. for depreciation, fixing the value of the Louisiana products at $892,407. In addition to these products, the plaintiff company owned other taxable merchandise, and its total

Charles J. Larkin, Jr., and Rene A. Viosca, both of New Orleans, for appellants.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellee.

ROGERS, J. This is a suit by Penick & Ford, Limited, Incorporated, against the Louisiana tax commission and the tax assessing and tax collecting authorities of the parish of Jefferson to reduce an assessment of merchandise for the year 1926 from $1,311,480 to $650,510.97, or, in the alternative, to $771,-926.29, and for an injunction to prohibit the collection of any tax on the disputed items of

▮▮▮▮▮▮▮▮▮▮▮

assessment for the year 1926 on this character of property, as fixed by the tax commission, was $1,311,480.

▮ The legal proposition submitted by the plaintiff company is divided into a main and an alternative demand. In its main demand it asks that the assessment of the Louisiana products be canceled in its entirety on the ground that they are agricultural products and, as such, are exempt from taxation under the constitutional provision hereinabove quoted. The basis of this contention is that the planting, growing, and harvesting of sugar cane, its grinding and manufacture into sugar, syrup, and molasses, the converting of these products into a uniform article, and the storage thereof for subsequent sale to the trade, is a continuous process, in which the plaintiff company practically acts as the agent of the producers. The testimony shows, however, that the products in question are purchased outright and stored by the plaintiff company for its own account and not as the agent for any cane grower or syrup manufacturer. The constitutional provision relied upon by plaintiff exempts agricultural products solely, and the exemption applies only while they are owned by their producer.

▮ In its alternative demand, the plaintiff company seeks to have the assessment canceled in so far as it applies to those products owned by it and actually produced during the year 1926. It admits, for the purpose of the demand, that the products on hand as of January 1, 1926, the products purchased during the year 1925, are assessable at their average value, which it avers is $121,415.32. This demand is based upon the theory that during the year in which they are produced these products are not taxable in the hands of the purchaser for the reason that they have been assessed and taxed as part of the lands upon which they are grown, and that any tax thereon constitutes double taxation, which is prohibited by the laws of the state.

The argument of the plaintiff company in support of its contention is founded upon section 7 of Act 170 of 1898, which, while it makes it the duty of the tax assessors throughout the state to place upon the assessment rolls all property subject to taxation, including merchandise or stock in trade, on hand at the date of listing within their respective districts or parishes, establishes the rule that all crops, whether growing or gathered, shall be considered as being attached to the realty while in first hands, and shall not be separately taxed while in the possession of the lessor or his agent, and no property shall be taxed twice in the same year.

We are unable to accept plaintiff's theory or to agree with its argument. In the first place, we do not think it was the legislative intention, in adopting the provision in question, to enhance the value of the realty by the value of the crops, but rather to disregard the crops as an element of value in arriving at the value of the lands. The statute itself prohibits the taxing separately of agricultural products while in first hands, so that the consideration of such crops as part of the realty for the purposes of assessment and taxation is purely a legal fiction. The prohibition is solely against the separate taxation of agricultural products while in first hands, and there is no authority under the statute to extend the prohibition beyond that restriction. In the second place, at the time the legislative act was adopted there was no constitutional exemption from taxation of such products. This is not the case now. Under section 4 of article 10 of the Constitution of 1921, hereinabove quoted, agricultural products while owned by the producer are exempt from taxation. In view of the constitutional provision it surely cannot be successfully contended that property thereby specially exempted from taxation must be considered as having been taxed under the legal fiction of the act of 1898. And the

rules and regulations of the Louisiana tax commission and its instructions issued to assessors, copies of which are in the transcript, show that lands are classified for assessment purposes irrespective of whether crops are growing thereon, and the assessors are instructed to make their assessments accordingly. It is plain, therefore, that the cane from which the syrups in question were produced has never been assessed and taxed.

■ ■ The plaintiff company invokes the doctrine of contemporaneous construction, contending that the board of state affairs (now the Louisiana tax commission) never demanded the taxation of such products in its possession until the year 1926. The doctrine applies only where the construction is a doubtful one. This is not the case here. Under the law the assessors throughout the state are required to place upon the assessment rolls all property subject to taxation. Exemptions from taxation are strictly construed, and those claiming the benefit of such exemptions must bring themselves clearly within the provisions of the law by which they are created. It is obvious that the attention of the members of the Louisiana tax commission was not directed to the provision in section 4 of article 10 of the Constitution of 1921 until the year 1926, when they made the ruling which resulted in the placing upon the assessment rolls of the parish of Jefferson the property that the plaintiff company claims is not subject to taxation.

■ Another contention of the plaintiff company is, conceding that under the provisions of the Constitution of 1921 agricultural products when owned by the producer are exempt from taxation, nevertheless they are not taxable for that particular year in the hands of the purchaser from the producer enjoying the exemption. The contention finds its answer in the fact, first, that the exemption is personal to the producer who owns the property, and, secondly, that the exemption and the assessment are not for the same year. In the case at bar the assessment is levied against merchandise owned and in possession of the plaintiff company as of date January 1, 1926, for the taxes of that year, which was purchased by the company during the year 1925 to which the exemption applied. This is in accordance with the custom followed in fairness to the taxpayer of assessing merchandise by taking the average of the preceding year. The custom is not followed and is not necessary in assessing real estate.

■ The plaintiff company contends, finally, that the average assessable value of the merchandise in its hands on January 1, 1926, based on the average value for the preceding year (1925), less the 15 per cent. deduction for depreciation, is $121,415.32, and the assessment should be reduced to that amount. The statement (Exhibit A) which was offered in evidence in connection with the testimony of the secretary of the plaintiff company cannot be accepted as the basis for making the assessment. The average shown thereon is only of the products carried over from the year 1924 and for the period ending August 1, 1925, at which time they were disposed of. No attempt whatever is made to average the products purchased during the year 1925. The true condition of the plaintiff company in reference to this merchandise is disclosed by its verified account filed with the Louisiana tax commission wherein is shown that the average monthly value of the Louisiana products owned by the company during the year 1925 was $892,407. The commission accepted these figures and reduced this item of the assessment from $1,028,446, as it was originally returned, to $892,407. The commission also allowed for depreciation 15 per cent. of the average monthly value of all merchandise listed against the plaintiff company as of date January 1, 1926. As the result of its action, the value of plaintiff's assessable merchandise was reduced from $1,678,956 to $1,311,480, on

which amount it is seeking a further reduction in this suit.

For the reasons assigned, the judgment appealed from is set aside, the injunction herein issued and perpetuated is recalled, and plaintiff's suit is dismissed at its cost.