ROGERS, Justice.
 

 The Xeter Realty, Limited, is the appellant from a judgment condemning it to pay to the secretary of state a franchise tax for the year 1932. The tax for which the judgment was rendered was levied under Act No. 8 of 1932.
 

 Appellant concedes its liability for the tax, but disputes its legality as it is sought to be enforced by the secretary of state.
 

 ' It is admitted that the appellant failed to make a report as required by section 1 of Act No. 8 of 1932, and that its books were examined by the authority of the secretary of state. The statement prepared by the auditor, which is attached to the rule filed by the appellee, shows total assets of approximately $37,000, capital stock amounting to $3,200, and a past-due and accrued indebtedness of $110,000. The past-due and accrued indebtedness of the corporation is classified and reported in the statement as “borrowed capital.”
 

 Paragraph (4) of section 1 of Act No. 8 of 1932 directs that “the amount of the issued and outstanding capital stock, surplus arid undivided profits” of domestic corporations be determined, and contains a proviso “that if the capital used or invested in the business or enterprise * * * includes borrowed capital in excess of the capital stock, surplus and undivided profits, * . * * such excess or borrowed capital shall be added to the capital stock, surplus and undivided profits as part thereof as the basis for computing the franchise tax under this act and determining the extent of the use of its franchise in this State.”
 

 Appellant admits that the classification by plaintiff’s auditor of its past-due indebtedness as borrowed capital is correct from an accountant’s standpoint, but contends that its inclusion in the assessment for the tax is illegal, because the result is to impose a tax on the corporation’s indebtedness rather than on its capital stock. That having ascertained that the capital stock of the corporation had no actual value, the secretary of state arbitrarily assessed a franchise tax on the total amount of its outstanding indebtedness or book borrowed capital.
 

 Appellant’s contention is untenable. The legislative fiat is that not only must the capital stock, surplus, and undivided profits of'a corporation serve as the basis for computing the tax levied under the statute, but also the borrowed capital used and invested in the business in excess of the capital stock, surplus, and undivided profits. Borrowed capital is as much a part of a corporation’s capital as are the funds raised by the sale of its stock, its surplus, and undivided' profits. Such capital tends to increase a corporation’s business and make it profitable. It requires the protection of
 
 *417
 
 the state as much as the capital resulting from the sale of a corporation’s stock, the accumulation of its surplus and its undivided profits. And it is plain- that the Legislature had those facts in mind when it provided that borrowed capital should be added to the capital stock, surplus, and undivided profits as part thereof as the basis for computing the franchise tax under the statute and determining the extent, of the use of the franchise in this state.
 

 In answer to appellant’s complaint that its capital stock is without any actual value and that the secretary of state acted arbitrarily in assessing it with a franchise tax based on its book borrowed capital, we think it is sufficient to say that the law allows no deduction for a deficit, and requires that appellant’s tax be measured as if no loss has occurred. If appellant’s losses have been so great as to reduce the value of its assets below the amount of its outstanding indebtedness, appellant is insolvent and should probably liquidate its affairs. Notwithstanding the deficit, appellant is liable for the tax as long as it remains unliquidated and continues to hold its charter within the state.
 

 The uncontradicted evidence in the record shows that appellant’s past indebtedness is, in effect, borrowed capital. To the extent that it exceeds the capital stock, there being no surplus or undivided profits, it must be included in measuring appellant’s franchise tax.
 

 For the reasons assigned, the judgment appealed from is affirmed.