185 La. 508

### STATE v. CALDWELL SUGARS, Inc.

#### No. 33734.

Supreme Court of Louisiana.

June 30, 1936.

Dufour, St. Paul, Levy & Miceli and Bolan Burke, all of New Orleans, for appellant.

D. M. Ellison, P. H. Stern, and Chas. J. Rivet, Sp. Assts. to Atty. Gen., for the State.

BRUNOT, Justice.

This is a proceeding by rule to enforce the payment, by Caldwell Sugars, Inc., of a certain corporation franchise tax alleged to be due by said corporation for the years 1933 and 1934. The tax for 1933 is levied by Act No. 8 of 1932, and the tax for 1934 is levied by Act No. 8 of 1932, as amended by Act No. 18 of 1934. The defenses relied upon by Caldwell Sugars, Inc., are clearly set forth in article 2 of its return to the rule, which we quote:

"That Caldwell Sugars, Inc., being engaged in mechanical, agricultural or horticultural pursuits, is exempt from the payment of a license or franchise tax to the Secretary of State under the provisions of section 8 of Article 10 of the Constitution of Louisiana of 1921; and that the statutes to-wit Act 8 of 1932, and Act 18 of 1934, Act 25 of 1934 (Extra Ordinary Session as amended) herein sought to be enforced, as construed by the officers enforcing said statutes, are unconstitutional, null and void, as being violative of section 8 of article 10 of the Constitution of 1921.

"And now, in the alternative and only if this Court should be of the opinion that respondent is not exempt from the provisions of the statutes sought to be enforced by virtue of the exemption granted by section 8 of article 10 of the Constitution of Louisiana of 1921, respondent avers that said statutes are unconstitutional, null and void as being violative of the provisions of section 8 of article 10 of the Constitution of Louisiana of 1921 as well as of the Fourteenth Amendment to the Constitution of the United States as a denial of the equal protection of the laws."

The respondent in rule assumed the position as plaintiff in reconvention and claimed a refund of $223, paid under protest, on the corporation franchise tax for 1933, which was levied by Act No. 8 of 1932.

The matter was submitted to the court on the issues stated, and the following judgment was rendered:

"It is ordered, adjudged and decreed that there be judgment in favor of the State of Louisiana, condemning the defendant, Caldwell Sugars, Inc., to pay to the Secretary of State additional corporation franchise taxes in the sum of $364.08 for the years

1933 and 1934, with 20% statutory penalty thereon, and 10% attorney's fees on said taxes and penalty, and all costs, and that the lien and privilege of the State be recognized and enforced."

Caldwell Sugars, Inc., appealed from the judgment, and the case has been submitted to us for decision.

The pleadings present two questions, viz.: One of exemption, and one of unconstitutionality of the acts levying·the tax. Inasmuch as the tax sued for was levied by Act No. 8 of 1932 and Act No. 18 of 1934, Act No. 25 of 1934, 1st Extraordinary Session, is not involved.

It is conceded that Caldwell Sugars, Inc., is engaged in agricultural or horticultural pursuits, and is, therefore, exempt, under section 8 of article 10 of the Constitution of 1921, from the payment of an occupational license tax; but it is contended that the tax levied by Act No. 8 of 1932 and by said act as amended by Act No. 18 of 1934, is not an occupational tax, but a corporation franchise tax. As is well said in appellee's brief:

"The character of the tax here involved, the legislative power to levy it, its constitutional validity, and its application have all been previously determined by this Court. Conway v. Lane Cotton Mills Co., 178 La. 626, 152 So. 312; Interstate Bureau v. Conway, 180 La. 453, 156 So. 463; State v. Xeter Realty, Limited, 182 La. 414, 162 So. 29; State v. Bisso Realty & Investment Co., 184 La. 579, 167 So. 87."

In the case of Interstate Tax Bureau v. Conway, this court said:

"It is a familiar rule of constitutional law that a legislative act should not be declared unconstitutional unless it is clearly so. We find nothing in the statute complained of that is clearly repugnant to the organic law. Under section 1 of article 10 of the Constitution (as amended [see Act No. 162 of 1926]), the power of taxation is vested in the Legislature. The power is unlimited except where restricted by the Constitution itself. There is nothing in the Constitution that forbids the Legislature to impose a tax such as the one under attack here and to prescribe the rules and means for its collection."

■ In effect, counsel for Caldwell Sugars, Inc., argue that because their client is exempt from the payment of an occupational license tax, and a franchise tax is a license tax, ergo, their client is exempt from the payment of the franchise tax. It is apparent that their logic is faulty. In the case of Pearce v. Couvillon, 164 La. 155, 113 So. 801, this court said:

"An exemption from taxation is an exceptional privilege which must be clearly, unequivocally, and affirmatively established; provisions for such exemption being strictly construed."

Again, in Penick & Ford v. Ehret, 166 La. 1, 116 So. 572, 574, the court said:

"Exemptions from taxation are strictly construed, and those claiming the benefit of such exemptions must bring themselves clearly within the provisions of the law by which they are created."

In Fletcher's Cyc. of Corporations, vol. 14, No. 6973, the rule is stated as follows:

"It is universally settled that exemption laws, being in derogation of a general rule, must be strictly construed; that whoever claims shelter under them must prove himself clearly entitled to the immunity, and that in such cases doubt is fatal. Plausible hesitation warrants an adverse finding."

■ The contention that Act No. 8 of 1932 and Act No. 18 of 1934 violate the provisions of the Fourteenth Amendment of the Constitution of the United States is conclusively answered by the United States Supreme Court in State Board of Tax Com'rs of Indiana v. Jackson, 283 U.S. 527, 51 S.Ct. 540, 75 L.Ed. 1248, 73 A.L.R. 1464.

For the reasons stated, the judgment appealed from is affirmed, at appellant's cost.