CRAIG, STATE TAX COLLECTOR, *v.* COLUMBUS & GREENVILLE
RY. CO.

(In Banc.  Jan. 26, 1942.)

[5 So. (2d) 681.  No. 34845.]

J. W. Backstrom, of Leakesville, and Frank A. Critz,
of West Point, for appellant.

462

Owen & Garnett, of Columbus, R. C. Stovall, of Okolona, Rufus Creekmore, of Jackson, and Will E. Ward, of Starkeville, for appellee.

464

**Smith, C. J.**, delivered the opinion of the court.

Section 2, Chapter 121, Laws of 1934, imposes a franchise or excise tax upon corporations of the class in which this appellee falls "equal to $1.00 for each $1,000.00, or fraction thereof, of the value of the capital used, invested or employed in the exercise of any power, privilege or right enjoyed by such organization within this state." Section 28 thereof provides that "The tax . . . shall become, from the time it is due and payable, a personal debt, from the organization liable to pay the same, to the state of Mississippi."

Section 3122, Code of 1930, makes every lawful tax assessed, levied or imposed by the state a debt recoverable by action, and Section 6986 thereof authorizes the State Tax Collector to institute such an action.

The appellant sued the appellee for what he alleges is unpaid balances due by the appellee on its franchise taxes

for the years 1935 to 1940, inclusive. His authority so to do was challenged by the appellee by two pleas in abatement. The first of these pleas alleges that the State Tax Collector is without authority to sue for the collection of the tax imposed by Chapter 121, Laws of 1934. The second alleges that the defendant made a return, for each of the years involved, to the Chairman of the State Tax Commission of its property and the value thereof on which its franchise tax must be based as required by the statute and paid the tax appearing thereby to be due; that no additional assessment of its property or its value was made by the chairman of the commission without which no action will lie under the statute for the collection of an additional franchise tax from the defendant. If the court below was correct in sustaining either of these pleas, its judgment must be affirmed. We will pretermit any discussion of the first of these pleas and come at once to the second.

Section 4 of the statute makes the tax thereby imposed due and payable on or before the 15th day of July of each year to be "based upon the capital of the organization as at the close of the preceding calendar year." By other sections of the statute, a complete, elaborate and carefully worked out plan for the ascertainment and collection of the franchise tax due by a corporation is set forth. Among other things, it charges the Chairman of the State Tax Commission, designated therein as the commissioner, with the duty of ascertaining and collecting the tax in the following manner: A corporation subject to the tax must file with the commissioner each year a return disclosing its property on which the tax is to be computed and the value thereof and such other information as may be required by the commissioner. If, after examining into this return, the commissioner finds it to be correct, he approves it and collects the tax due thereon, a check for which must accompany the return. If the commissioner finds the return to be incorrect as to the property of the corporation on which the tax is to be computed

or as to its value, he makes an additional assessment thereof, notifies the corporation that he has so done, and it has thirty days thereafter within which to appear before the commissioner and show why the additional assessment is incorrect. If dissatisfied with the final action of the commissioner on the assessment, the corporation may appeal to the State Tax Commission which shall hear and determine the corporation's objections to the assessment. If dissatisfied with the commission's decision thereof, the corporation may then appeal to the Circuit Court of Hinds County or if it be a domestic corporation of the county of its domicile, "or in case of a foreign organization to the circuit court of the county of the residence of the agent upon whom service of process may be had." After the assessment has become final but not before the commissioner is authorized to "issue a warrant to the sheriff of any county of the state commanding him to levy upon and sell the real and personal property" of the corporation for the payment of the tax.

The appellant's contention in this connection is that the method provided by the statute for ascertaining the property in which the capital of the corporation subject to this tax is invested and its value, provided by Chapter 121, Laws of 1934, is not exclusive and that this property and its value may be ascertained and the tax due thereon collected in a judicial proceeding without any assessment of the corporation's property having been made by the Chairman of the State Tax Commission.

While this tax is not on property as such, it is based on the value of property in which the corporation's capital is invested. Consequently, of what this property consists and its value must be ascertained before the payment of the tax can be coerced in any manner by any officer charged with that duty. In other words, there must be an assessment by this property, the two steps in which are the listing and valuing of the property. State Revenue Agent v. Tonella, 70 Miss. 701, 14 So. 17, 22 L. R. A. 346; Johnston, State Revenue Agent, v. Puffer Mfg. Co.,

111 Miss. 240, 71 So. 377. How and by whom this assessment is to be made is for the determination of the legislature, and since it has here directed that it be made by the Chairman of the State Tax Commission according to the method set forth in the statute, it can be made by him only and in accordance with the method prescribed. This is so obviously correct that authority for so holding would seem to be unnecessary; but, if desired, see State Revenue Agent v. Tonella, supra; Hattiesburg Grocery Co. v. Robertson, 126 Miss. 34, 88 So. 4, 25 A. L. R. 748; Enochs v. State, 128 Miss. 361, 91 So. 20; Johnston, etc., v. Puffer Mfg. Co., supra; 2 Cooley on Taxation (4 Ed.), Section 864, 3 ib., Section 1046; 61 C. J. 620. That some of these cases deal with assessments required by the Constitution and not by a statute is of no consequence for the governing rule in either case is the same. Enochs v. State, supra.

Whether an action will lie for the collection of this tax under Section 3122, Code of 1930, after the assessment of the property on which it is based has been made, is not before us and we express no opinion thereon.

Affirmed.