LEE, Justice,
for the Court:
The Mississippi State Tax Commission appeals from a decree of the Chancery Court, First Judicial District of Hinds County, Honorable J. C. Stennett, presiding, reversing the findings and assessments made by it against Illinois Central Gulf Railroad Company, The Alabama Great Southern Railroad Company, Louisville & Nashville Railroad Company, and St. Louis-San Francisco Railway Company. We reverse the chancellor and reinstate the orders and assessments of the Mississippi State Tax Commission.
The only question involved is whether or not the chancellor erred in permitting the railroads to use the market value of their shares of capital stock as the basis for determining the value of their capital, and whether or not he erred in finding that the railroads had overcome the presumption of correctness of the book value of capital.
In 1972, the railroads filed their respective corporate franchise tax returns with the Mississippi State Tax Commission which showed the book value of capital as follows:
Gulf, Mobile & Ohio Railroad Company $151,256,158
Illinois Central Railroad Company 616,167,662
Southern Railway Company 734,785,886
The Alabama Great Southern Railroad Company 101,010,760
Louisville & Nashville Railroad Company 547,681,172
St. Louis-San Francisco Railway Company 241,296,720
Acting pursuant to Section 9318, Mississippi Code Annotated (1942) [Mississippi Code Annotated § 27-13-11 (1972)], which provides the procedure for organizations having cause to believe the calculations required by the prescribed returns do not properly reveal the true franchise tax to be due as measured by the value of the capital, the railroads filed petitions and affidavits setting forth the true value (according to them) of their capital, and they paid the following taxes:
*1220 Gulf, Mobile & Ohio Railroad Company ; 60,267.50
Illinois Central Railroad Company 158,524.00
Southern Railway Company 6,895.00
The Alabama Great Southern Railroad Company 15,785.00
Louisville & Nashville Railroad Company 8,100.00
St. Louis-San Francisco Railway Company 18,345.00
The Commission rejected the railroads’ valuations and assessed additional taxes as follows:
Gulf, Mobile & Ohio Railroad Company $ 34,572.50
Illinois Central Railroad Company 142,321.00
Southern Railway Company 8,720.00
The Alabama Great Southern Railroad Company 57,222.50
Louisville & Nashville Railroad Company 17,492.50
St. Louis-San Francisco Railway Company 25,692.50
In order to resolve the question now before the Court, it is necessary to place a construction on two statutes relating to corporate franchise taxation and to determine the legislative intent expressed in said sections.
Mississippi Code Annotated Section 27-13-9 (1972) provides:
“The tax imposed, levied, and assessed, under the provisions of this chapter, shall be calculated on the basis of the value of the capital employed in this state for the year preceding the date of filing the. return, whether a calendar year, or fiscal year, except where otherwise provided in this chapter, measured by the combined issued and outstanding capital stock, surplus and undivided profits; provided, that in computing capital, surplus and undivided profits, there shall be included all true reserves, including all reserves other than for definite known fixed liabilities which do not enhance the value of assets; and amounts designated for the payment of dividends shall not be excluded from such calculations, until such amounts are definitely and irrevocably placed to the credit of stockholders, subject to withdrawal on demand; provided, however, there shall not be included in the value of the capital stock any sums representing debts, notes, bonds and mortgages due and payable; nor depreciation reserves, bad debt reserves, nor reserves representing valuation accounts. But in no case shall the franchise tax so computed be less than ten dollars for the period covering which the return is filed. In no case shall the determined capital in Mississippi be less than the assessed value of the real estate and tangible personal property in Mississippi for the year preceding the year in which the return is due.”
Mississippi Code Annotated Section 27— 13-11 (1972) provides:
“In all cases for the purpose of determining the amount of capital, the book value as regularly employed in conducting the affairs of the corporation shall be accepted as prima facie correct as to the true capital of the organization.
If any organization has cause to believe that the calculations required on the return prescribed are not sufficiently informative- or do not properly reveal the true franchise or excise tax to be due as measured by the value of the capital of that organization, or shall feel aggrieved at the requirements upon it for information or tax, then such organization shall have the right to file with the commissioner a petition and affidavit signed as returns are by this chapter required to be signed, setting forth the facts showing the true value of its capital.” (Emphasis added).
The precise issue is whether the language contained in Section 27-13-11 permits a taxpayer to prove value by any method of valuation insofar as the method properly reflects true value, or whether the language means that the taxpayer may show only that book value is incorrect as to (1) the value of its combined issued and outstanding capital stock, (2) its surplus as shown on its books, (3) the undivided profits, as shown on its books. We hold that the statute means what it says, and that value of capital cannot be measured except by the three items enumerated in the statute.
*1221 The method used by the railroads in arriving at the value of their capital, was to value the shares of stock sold on the stock exchange each month during the year 1971 and then to multiply that average by the total outstanding stock. The result was designated by the railroads as true value of the capital. It can be seen at once that such a method of valuation fluctuates, is inaccurate, and does not meet the requirements of the statutes.
In State v. Bisso Realty Company, 184 La. 579, 167 So. 87 (1936), the Louisiana Court held that capital stock as used in the taxing statutes of Louisiana (which statutes are similar to the Mississippi statutes) is not the same as “shares of capital stock.” The Louisiana Court declined to permit the corporation (Bisso) to substitute “the book value of the shares of capital stock” for the “book value of capital stock.” The Bisso court cited State v. Xeter Realty, 182 La. 414, 162 So. 29 (1935), as follows:
“The statute not only definitely states what we have construed it to mean, but it is apparent that the Legislature was seeking to provide a clear and definite plan under which the franchise tax could be levied and collected. The members knew that the value of the ‘capital stock’ as reflected on the corporation’s books could be expeditiously determined. On the other hand, they realized that, in order for the state to ascertain the book value of the shares of stock of the corporations of this state would lead to an infinite amount of work, requiring numberless employees, experts, and accountants, with resulting delay and expenses which must inevitably adversely affect the fisc of the state. A conclusion wholly undesired and distinctly against public welfare. Certainly, the members of the Legislature in amending the law were trying to provide a more simple and practical way of raising revenue. Surely it was not their intention to make the law more involved and cumbersome.” 184 La. at 598-599, 167 So. at 93.
In State Tax Commission v. Mississippi Power & Light Company, 194 Miss. 260, 11 So.2d 828 (1943), the Court permitted a corporation to show that because a certain item (an unamortized debt discount) had no true value, and was carried on the books only to keep them in balance, the item should not be considered “capital used, invested or employed within this state” for purposes of the franchise tax law. The Court stated that the item did not fall “within the formula insisted upon as required by Section 6, which requires that it ‘be calculated on the basis of the value of the capital employed * * * measured by the combined issued and outstanding capital stock, surplus and undivided profits.’” 194 Miss. at 267, 11 So.2d at 829. That case lends support to the position that the value can be determined only with reference to the three items stated, capital stock, surplus and undivided profits. This Court considered the effect of Section 9317, Mississippi Code Annotated (1942) [Mississippi Code Annotated § 27-13-9 (1972)] in Scott Building Supply Corporation v. State Tax Commission, 235 Miss. 22, 108 So.2d 557 (1959), and said:
“It can be readily seen that the statute does not provide that the tax shall be calculated on the basis of ‘the invested capital, earned or paid in surplus and undivided profits’, but on the basis of ‘the value of the capital employed in this State for the year preceding the date of filing the return, * * * measured by the combined issued and outstanding capital stock, surplus and undivided profits;’ and that ‘in computing capital, surplus and undivided profits, there shall be included all true reserves, including all reserves other than for definite known fixed liabilities, which do not enhance the value of assets.’
It is the value of the capital employed in this state which is protected by the government and the laws of this state, that is to be used as the basis upon which the tax is to be calculated.
In the case of Craig v. Columbus & Greenville Railway Co., 192 Miss. 461, 467, 5 So.2d 681, this Court said in regard to the franchise tax: ‘While this tax is not on property as such, it is based on the *1222 value of property in which the corporation’s capital is invested. Consequently, of what this property consists and its value must be ascertained before the payment of the tax can be coerced in any manner * *
In the case of Southern Package Corporation v. State Tax Commission, 195 Miss. 864, 873, 15 So.2d 436, which was another franchise tax case, the Court in its opinion said: ‘Corporations enjoy privileges and immunities not possessed by natural persons, and for the security and protection, by its laws and authority, of such privileges and immunities, the state, for revenue and as a quid pro quo, may levy upon corporations which carry on any substantial part of their business activities in the state, an exaction called a franchise tax. The amount of the franchise tax and the mode of the measurement thereof are matters which rest within legislative discretion, when not burdensome or oppressive and when solely for revenue. The usual mode of measurement is to look to the amount of the capital of the corporation employed or so situated as to be privileged to be employed in the state, and in determining the amount of the capital, the total of the capital stock, stated surplus, and undivided profits of the corporation is used pri-ma facie as a determinative factor. Such, as to the features mentioned, is our Franchise Tax Law, Chapter 121, Laws 1934.’ The Court also said in that case: ‘The capital of a corporation is its tangibles, the aggregate of its property and assets of all kinds, while its capital stock is the evidence of rights in such property. * * * It is immaterial, therefore, what name or characteristic the particular capital stock which represented this timber may have or what rights it confers inter sese — it is enough, so far as the franchise tax is concerned, that it represents or evidences capital used, invested, or employed within this state, and it is undisputed that all the capital timber which this stock represents is situated within this state.’” 235 Miss. at 34-35, 108 So.2d at 562-563.
The method used by the railroads in averaging the market value of their shares of stock to determine the true value of the capital of the corporations is not authorized by the statutes. The railroads did not attempt to use the measure set forth in the statute nor did they address themselves to those items. Consequently, the provision of Section 27-13-11 that the book value as regularly employed in conducting the affairs of the corporations shall be accepted as prima facie correct as to the true capital of the organizations, was not rebutted and the assessments of the Commission must be held as true and correct. .
The judgment of the chancery court, therefore, is reversed and the orders of the Mississippi State Tax Commission are reinstated.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.